EL MUNICIPIO DE SAN LORENZO, ETC., peticionario, *v.* TRI-
BUNAL SUPERIOR DE PUERTO RICO, SALA DE CAGUAS, JAIME
FRANK PAGANACCI, JUEZ, demandado; MARCELO MEDINA
PEDRAZA, interventor.

*Número:* C–62–36      *Resuelto:* 16 de octubre de 1962

*R. Arjona Siaca,* abogado del peticionario; *Carmelo Ávila
Medida,* abogado del interventor.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como
Presidente de Sala y los Jueces Asociados Señores Rigau y
Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del
Tribunal.

El interventor trabajó para el Municipio de San Lorenzo
desde el 1ro. de enero de 1954 hasta el 31 de diciembre de
1959. Conducía la ambulancia del Hospital Municipal.
Alega que durante ese período trabajó en exceso de ocho ho-
ras diarias y de cuarenta y ocho semanales. Reclama por
el trabajo extraordinario rendido la cantidad de $12,245.04
a base de una doble compensación por cada hora que trabajó
diariamente en exceso de ocho y por cada hora en exceso de
cuarenta y ocho que trabajó semanalmente. Funda su re-
clamación en las disposiciones del Decreto de Salario Mínimo
Núm. 4—29 R. & R.P.R. sec. 245n–57—que dispone que

"[n]ingún patrono empleará a trabajador alguno en el servicio de hospitales, clínicas o sanatorios por más de 8 horas en cualquier período de 24 horas consecutivas ni por más de 48 horas en cualquier semana a menos que le pague por su labor en exceso de dichas 8 ó 48 horas a razón de por lo menos dos veces el tipo de salario que estuviere percibiendo".

El municipio demandado presentó una Moción de Desestimación y en la misma expresó que el decreto que servía de fundamento a la reclamación "no es aplicable a los servicios de beneficencia municipal que en sus establecimientos hospitalarios y en conexión con los mismos prestan a los necesitados de dichos servicios los municipios de Puerto Rico sin recibir por ello lucro de clase alguna".

El tribunal recurrido negó la desestimación solicitada. Entendía que el decreto invocado era aplicable. Expedimos auto de certiorari para revisar esta determinación.

La cuestión a resolver es, pues, si le son aplicables a los empleados del servicio de beneficencia municipal las disposiciones del Decreto de Salario Mínimo Núm. 4.

El Decreto Mandatorio Núm. 4 fijando salarios mínimos, horas máximas de labor y condiciones de trabajo en hospitales, clínicas y sanatorios fue promulgado originalmente el 8 de mayo de 1943. Fue aprobado en virtud de la autoridad concedida por la Sección 6 de la Ley Núm. 8 de 5 de abril de 1941—29 L.P.R.A. sec. 216—. El referido decreto contenía una disposición al efecto de que "[p]or hospital, clínica. o sanatorio se entiende, sin que esto se interprete como una limitación, cualquier establecimiento, *público* o privado, donde se ofrezca asistencia médica o se hospitalicen enfermos." (Énfasis suplido.) Aparentemente surgió la duda de si la Junta tenía facultad para fijar salarios mínimos y condiciones de labor a los empleados de los hospitales, clínicas y sanatorios públicos. Y se procedió a enmendar la Ley Núm. 8 de 1941 por la Núm. 217 de 11 de mayo de 1945 adicionándole la siguiente disposición a la sección 30 de la ley original:

"Esta Ley no será aplicable a personas empleadas en el servicio doméstico de una residencia de familia, entre las cuales no se entenderán incluidos los chóferes, ni a personas empleadas por Estados Unidos de América, El Pueblo de Puerto Rico o sus municipios, sin que en ellas se entiendan comprendidas, en cuanto a los reglamentos y decretos ya emitidos o que emita la Junta, las que trabajan en el servicio de hospitales, clínicas y sanatorios, o con corporaciones, autoridades u otros organismos análogos creados o en parte controlados por dichos gobiernos."

La enmienda de 1945 establece que la Ley de Salario Mínimo no será de aplicación a los empleados del servicio doméstico, pero expresamente elimina a los chóferes de la excepción; que no será aplicable a las personas empleadas por el gobierno de los Estados Unidos, por el gobierno de Puerto Rico y por los gobiernos municipales, pero entonces pasa a disponer que no estarán dentro de esta excepción las personas que trabajen en el servicio de hospitales, clínicas y sanatorios, o en las corporaciones, autoridades u otros organismos similares creados o en parte controlados por los gobiernos que anteriormente menciona.

Así tenemos que la Junta de Salario Mínimo después de la enmienda de 1945 tenía autoridad para fijarle salario mínimo y otras condiciones de trabajo a los empleados de los hospitales, clínicas y sanatorios de los municipios de Puerto Rico. Y expresamente estableció que sus disposiciones se aplicarían a los decretos ya emitidos, convalidando las actuaciones anteriores de la Junta.

Ahora, en el 1951 la Asamblea Legislativa enmendó otra vez la sección 30 de la Ley de 1941. En esta ocasión le adicionó un disponiéndose que lee así:

"*Disponiéndose,* que los salarios mínimos fijados en los reglamentos y decretos que en adelante emita la Junta para las personas que trabajan en el servicio de hospitales, clínicas y sanatorios no serán aplicables a las que trabajan en los hospitales, clínicas y sanatorios de los gobiernos municipales, *pero les se-*

*rán aplicables todas las demás disposiciones de tales reglamentos o decretos."* (Énfasis suplido.) Ley Núm. 439 de 15 de mayo de 1951—29 L.P.R.A. sec. 241.

La enmienda de 1951 le quitó autoridad a la Junta de Salario Mínimo para fijar salarios mínimos a los empleados de los hospitales, clínicas y sanatorios de los gobiernos municipales, pero expresamente dejó establecida su autoridad para reglamentar las condiciones de trabajo al disponer que le serían aplicables todas las demás disposiciones de tales decretos. No tenía autoridad la Junta, luego de esta enmienda para fijar salario mínimo a estos empleados, pero tenía autoridad para establecer condiciones de trabajo.

Bajo la ley así enmendada, la Junta de Salario Mínimo aprobó el Nuevo Decreto Mandatorio Núm. 4, invocado por el interventor para sostener su reclamación. Este decreto entró en vigor el 1ro. de julio de 1951. Y ese decreto expresamente establece que sus disposiciones sobre salario mínimo, sobre garantía de compensación semanal mínima y sobre deducciones por servicios "no serán aplicables a los empleados de los hospitales, clínicas o sanatorios de los gobiernos municipales". 29 R. & R.P.R. sec. 245n–52. Todas las otras disposiciones le son aplicables a los empleados municipales incluyendo la invocada por el interventor referente a los períodos máximos de labor. Así lo autoriza la enmienda del 1951.

En el 1956 la Asamblea Legislativa por la Ley Núm. 96 de 26 de junio de 1956 derogó la Ley de 1941, pero expresamente estableció en la sección 40—29 L.P.R.A. sec. 246k (Supl. 1961) en su inciso (b) que "[l]as disposiciones contenidas en los decretos mandatorios vigentes a la aprobación de esta Ley que no sean relativas a salario mínimo, subsistirán en toda su fuerza y vigor a pesar de que la Junta posteriormente, por decreto u orden al efecto, varíe los tipos de salario mínimo".

Cuando la Comisión Conjunta que estudió el proyecto que se convirtió en la Ley de Salario Mínimo de 1956 lo informó a las Cámaras manifestó:

"De acuerdo con la ley vigente [Ley de 1941] la Junta ha tenido el deber y la autoridad de fijar salarios mínimos y otras condiciones generales de trabajo tales como vacaciones, licencia por enfermedad, jornadas máximas de labor, etc. La Comisión Conjunta ha llegado a la conclusión que la función básica de la Junta de Salario Mínimo debe ser la de fijar salarios mínimos y que las otras condiciones de trabajo deben dejarse a la negociación y contratación colectiva entre patronos y obreros. A esos efectos en el proyecto se limita las funciones de la Junta a la fijación y revisión de salarios mínimos aunque, según señalamos anteriormente, *se mantienen en vigor las otras disposiciones sobre condiciones generales de trabajo que están actualmente incluidas en los decretos vigentes con el propósito que las mismas continúen en vigor hasta que sean algún día alteradas o modificadas por la Asamblea Legislativa."* (Énfasis suplido.) Diario de Sesiones de la Asamblea Legislativa, 1956, Vol. VIII, Tomo III, p. 1067.

En el año 1948 la Asamblea Legislativa aprobó la Ley Núm. 379. Estableció la jornada máxima de labor diaria, semanal y mensual, y dispuso que se pagarían a tiempo doble las horas trabajadas en exceso del límite estatuido. Expresamente exceptuó de sus disposiciones a los empleados del gobierno insular y a los de los gobiernos municipales incluyendo el de la Capital. Alega el recurrente que en virtud de este estatuto la Junta carecía de poder para reglamentar las jornadas de labor de los empleados de los hospitales, clínicas y sanatorios de los gobiernos municipales. Sostiene que los decretos de la Junta cedían ante la disposición terminante de que la ley no se aplicaba a los gobiernos municipales.

La posición asumida por el recurrente ignora la disposición del art. 22 de la Ley de 1948—29 L.P.R.A. sec. 271 nota—que expresamente dispuso ". . . que quedarán subsistentes en todos sus términos la Ley Núm. 8 . . . aprobada

el 5 de abril de 1941 . . . y los decretos mandatorios que se hayan promulgado por la Junta de Salario Mínimo creada por dicha Ley . . .". Así, quedaron subsistentes todas las disposiciones de la Ley de 1941 y todos los decretos mandatorios. *Caguas Bus Line* v. *Sierra, Comisionado*, 73 D.P.R. 743 (1952). Por eso es que, como antes apuntamos, la Asamblea Legislativa en el 1951 enmienda la Ley de 1941 limitando la facultad de la Junta para reglamentar a los empleados de los hospitales, clínicas y sanatorios sólo en lo concerniente a las condiciones de trabajo. Actuó en armonía con el pronunciamiento contenido en la Ley de 1948 al efecto de que la Ley de Salario Mínimo de 1941 quedaría "subsistente en todos sus términos". Y ya hemos visto, además, que la Ley de 1956 que derogó la del 1941, también mantuvo la virtualidad de todos los decretos mandatorios. ■

Así es claro que las disposiciones del Decreto de Salario Núm. 4 limitando la jornada de trabajo a los empleados de los hospitales, clínicas o sanatorios de los gobiernos municipales, está en pleno vigor. El Secretario de Justicia en opinión emitida el 7 de febrero de 1962, al considerar la cuestión planteada en una consulta, concluye que el Decreto de Salario Mínimo Núm. 4 está en vigor y que le es aplicable a los empleados de los hospitales, clínicas y sanatorios de los gobiernos municipales. ■

El recurrente para enfrentarse a la posición asumida por el interventor al efecto de que su reclamación no es una de salario mínimo, arguye que toda reclamación por horas extras en última instancia lo es. No tiene razón. El decreto establece un límite a la jornada de trabajo—ocho horas diarias, cuarenta y ocho semanales—y para que tal límite sea en realidad efectivo dispone que si se trabaja en exceso del límite se compensarán doblemente los servicios rendidos. Es en verdad una penalidad. Es la forma que la ley tiene para obligar al cumplimiento de su mandato. En forma alguna se puede considerar que es una disposición sobre salario mínimo. Este Tribunal en *Compañía Popular*

v. *Corte*, 63 D.P.R. 121 (1944), sugirió que ésa era la mejor forma para hacer valer el derecho que tiene todo obrero a un día de descanso semanal. Igual validez tiene para hacer efectiva la jornada de ocho horas. Allí dijimos a la pág. 132:

". . . Impónganse fuertes penas al patrono que no concedió al obrero ese 'beneficioso descanso,' y lo que ha demostrado la experiencia ser más efectivo, oblíguesele a pagar doble o triple compensación por el trabajo realizado durante el día que la ley concede al obrero para reponer sus fuerzas, pero no se castigue al que las más de las veces, ya por ignorancia, ya obligado por la miseria, se ve en la necesidad de renunciar con perjuicio de su salud ese beneficioso descanso que una ley humanitaria le concede, no sólo en beneficio propio, si que de la comunidad en general."

La reclamación interpuesta cubre el período comprendido desde el 1ro. de enero de 1954 hasta el 31 de diciembre de 1959. Habiendo estado vigente el Decreto Núm. 4 durante todo el período comprendido en la reclamación, es clara la improcedencia de la desestimación solicitada por el municipio demandado. *Procede, por lo tanto, anular el auto expedido y devolver el caso para ulteriores procedimientos compatibles con lo aquí enunciado.*