HON. LUIS A. MORALES, en su carácter de ALCALDE DEL MU-NICIPIO DE PONCE, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE PONCE, HON. FELIPE ORTIZ ORTIZ, JUEZ, demandado; JULIO DOMÍNGUEZ TORRES Y OTROS, interventores.

*Número:* O-75-250      *Resuelto:* 10 de marzo de 1977

*Alfredo Siberón Rosado,* abogado del peticionario; *José Enrique Ayoroa Santaliz* y *Julio Eduardo Torres,* abogados de los interventores.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

A solicitud del Municipio de Ponce expedimos auto de *certiorari* para revisar una resolución que se negó a desestimar una querella presentada contra dicho Municipio en que se reclamó el pago de trabajo realizado por empleados dedicados a limpieza y mantenimiento en el muelle de Ponce "en exceso de la jornada legal de ocho horas, durante el día semanal de descanso, durante la hora para tomar alimentos y días feriados, sin que fueran compensados por este trabajo adicional," y en que se alegó, además, que no fueron compensados a base del salario mínimo a que tenían derecho conforme a "las leyes y reglamentos aplicables a la labor que realizaban," reclamándose lo adeudado por este concepto. La solicitud de desestimación estuvo predicada en que por ser los querellantes empleados del Municipio—así se alega en la querella—no tienen causa de acción bajo la Ley de Horas y Días de Trabajo (Ley Núm. 379 de 15 de mayo de 1948, 29 L.P.R.A. secs. 271 a 288), ni bajo la Ley de Salario Mínimo (Ley Núm. 96 de 26 de junio de 1956, 29 L.P.R.A. secs. 245 a 246m, y su antecesora, derogada por ésta, que era la Ley Núm. 8 de 5 de abril de 1941), ni bajo la Ley de Normas Razonables del Trabajo de los Estados Unidos (*Fair Labor Standards Act,* 52 Stat. 1060, 29 U.S.C.A. secs. 201–219), cuyas leyes—alegó el Municipio—excluyen de su aplicación, por sus propias disposiciones, a los empleados de los municipios.

Se suscitó durante el debate que antecedió a la resolución del tribunal recurrido, y en ello se centró la controversia, que el muelle de Ponce, para cuya dependencia municipal trabaja-

ron los querellantes, es una "agencia o instrumentalidad" de dicho Municipio que funciona con fines de lucro o como una empresa privada. Entendió el tribunal a quo que este planteamiento suscita una cuestión de hechos que no puede adjudicarse en la etapa en que se pasa sobre la suficiencia de las alegaciones. Estamos de acuerdo por las razones que pasamos a exponer.

Ciertamente, la querella presentada en esta causa no es un modelo de precisión de detalles sobre la razón de pedir. Se limita a alegar, en cuanto a la relación obrero-patronal, que los querellantes "fueron empleados del querellado, en el Muelle Municipio de Ponce [sic], Puerto Rico" durante los períodos que se detallan a continuación del nombre de cada querellante. La cuestión de si el Muelle de Ponce es una de las llamadas agencias o instrumentalidades municipales que opera como empresa privada o con fines de lucro surge al discutirse la moción de desestimación y, como hemos señalado, en ella se centra la controversia. Como veremos más adelante las citadas leyes, como principio general, excluyen de su aplicación a los empleados de los municipios. De haberse circunscrito el debate a lo expresado en la querella, sin más, forzosa era su desestimación. Al extenderse a la naturaleza de las funciones y al modo de operar del muelle de Ponce entran en juego cuestiones no planteadas en las alegaciones pero que no pueden ser pasadas por alto al considerar si bajo cualquier supuesto de hechos, cónsono con sus alegaciones, y vistas las citadas leyes, tendrían derecho a prevalecer las pretensiones, o algunas de las pretensiones, de los querellantes. Véanse *Rivera Rivera* v. *Trinidad*, 100 D.P.R. 776, 781 (1972); *Martín Santos* v. *C.R.U.V.*, 89 D.P.R. 175, 186 (1963); *Figueroa* v. *Tribunal Superior*, 88 D.P.R. 122, 124 (1963); *Figueroa Piñero* v. *Miranda & Eguía*, 83 D.P.R. 554 (1961).

De entrada es menester señalar que el muelle de Ponce no estaba constituido, durante los períodos a que se contrae la querella, como una corporación pública, ni era adminis-

trado ni operado por una corporación pública. Si bien la Ley Núm. 93 de 25 de junio de 1958, en su Art. 2, 23 L.P.R.A. sec. 523, creó en el municipio de Ponce "una entidad pública corporativa y política" que se conocería como Comisión del Puerto y operaría en forma similar a las corporaciones, el mismo Art. 2 dispuso, sin embargo, que dicha Comisión "no conducirá negocio alguno ni ejercerá los poderes que por la presente se le confieren hasta que, o a menos que, el cuerpo del gobierno del municipio de Ponce declare en cualquier momento mediante la resolución correspondiente y hasta que dicha resolución sea aprobada por el Gobernador de Puerto Rico el funcionamiento de la Comisión en dicho municipio." Seguidamente el artículo enumera ciertos detalles que la mencionada resolución debía determinar. El municipio de Ponce nunca adoptó resolución alguna para dar vigencia a la creación de la Comisión del Puerto a que se refiere la citada ley, por lo que el muelle de Ponce, que debía ser administrado por la Comisión del Puerto, siguió operando como una dependencia municipal bajo una ordenanza del año 1911, aprobada por el Gobernador y por el Consejo Ejecutivo, en que se concedió a dicho municipio la franquicia en virtud de la cual ha estado operando dicho muelle. Véase *Junta Rel. Trabajo* v. *Junta del Muelle*, 71 D.P.R. 154, 158 (1950).

No está en controversia tampoco el hecho de que los trabajadores del muelle de Ponce son empleados municipales. Así se alega en la querella y así ha sido admitido por los querellantes interventores en sus alegatos. Tampoco se cuestiona que el muelle, o la Junta Administrativa que lo opera, nombrada por el alcalde con la confirmación de la Asamblea municipal, es una dependencia o agencia del municipio de Ponce.

La Ley de Salario Mínimo—Núm. 96 de 26 de junio de 1956—dispone en su Sec. 33, 29 L.P.R.A. sec. 246e, como sigue:

"(a) Las secs. 245 a 246m de este título no serán aplicables a:

(1) personas empleadas en el servicio doméstico en una residencia de familia, con excepción de los chóferes;

(2) personas empleadas por el Gobierno de los Estados Unidos de América o por el Gobierno del Estado Libre Asociado de Puerto Rico, con excepción de aquellas agencias o instrumentalidades de éste que operen como negocios o empresas privadas; y

(3) personas empleadas por los gobiernos municipales.

(b) Las disposiciones de las secs. 245 a 246m de este título no serán aplicables a los administradores, ejecutivos y profesionales. La Junta definirá mediante reglamento dichos términos."

■ Como puede verse, cuando dicha ley se refiere al gobierno estatal hace excepción de las "agencias o instrumentalidades" de dicho gobierno que operen como negocios o empresas privadas, de suerte que la referida ley es aplicable a los empleados estatales que trabajan para dichas "agencias o instrumentalidades." Pero cuando dicha ley se refiere a las "personas empleadas por los gobiernos municipales" no hace excepción. Así, es forzoso concluir que los empleados del muelle de Ponce, no importa que el muelle sea una "agencia o instrumentalidad" del municipio de Ponce, caen bajo la clasificación de "personas empleadas por los gobiernos municipales" y no están por tanto cubiertos por la Ley de Salario Mínimo.

En cuanto a la aplicabilidad de la Ley Núm. 8 de 5 de abril de 1941, antecesora de la Ley de Salario Mínimo actualmente vigente, se había resuelto en *Municipio de San Lorenzo* v. *Tribunal Superior*, 86 D.P.R. 205 (1962), que sus disposiciones no excluían a los empleados de los municipios en los hospitales de beneficencia, hasta el 11 de mayo de 1945, en que se aprobó la Ley Núm. 217 de ese año que específicamente excluyó de las disposiciones de la citada Ley Núm. 8 de 1941 "a personas empleadas por Estados Unidos de América, El Pueblo de Puerto Rico o sus municipios, sin que en ellas se

entiendan comprendidas, en cuanto a los reglamentos y decretos ya emitidos o que emita la Junta, las que trabajan en el servicio de hospitales, clínicas y sanatorios, o con corporaciones, autoridades u otros organismos análogos creados o en parte controlados por dichos gobiernos."

No obstante, no nos parece necesario determinar si aquellos querellantes que trabajaban en el Muelle de Ponce antes de la expresada enmienda de 1945 tendrían derecho a reclamar compensación por salario mínimo en vista de la limitación decenal dispuesta por la Ley Núm. 96 en su Sec. 32, 29 L.P.R.A. 246(d). La citada disposición establece un período prescriptivo de tres años a contar desde que el empleado cesa en su empleo, pero dispone que "la reclamación solamente incluirá los salarios a que tuviere derecho el empleado, por cualquier concepto, durante los últimos diez años anteriores a la fecha en que estableciere la acción judicial."

Respecto de la ley que prescribe lo que son horas y días regulares de trabajo—Núm. 379 de 15 de mayo de 1948, 29 L.P.R.A. secs. 271 a 288—la situación es distinta. El último párrafo del Art. 16 de dicha ley, 29 L.P.R.A. sec. 285, dice:

"No se aplicarán las disposiciones de las secs. 271 a 288 de este título a los empleados del Gobierno Estadual, de los gobiernos municipales, ni del Gobierno de la Capital ni a los de las agencias o instrumentalidades de dichos gobiernos, con excepción de aquellas agencias o instrumentalidades que se dediquen a empresas agrícolas, industriales, comerciales o de servicio público."

■ Véase que, a diferencia de la Ley de Salario Mínimo, la Ley Núm. 379 no distingue entre los gobiernos estatal y municipales cuando se refiere a las "agencias o instrumentalidades." Los empleados tanto estatales como municipales que trabajen en "agencias o instrumentalidades de dichos gobiernos" están fuera del alcance de la Ley de Horas y Días de Trabajo—Ley Núm. 379—y sólo están cubiertos por dicha ley si la agencia o instrumentalidad en que trabajan se de-

dica a alguna empresa agrícola, industrial, comercial o de servicio público.

■ En la etapa de alegaciones, es decir, cuando no se ha llegado a la aportación de pruebas, a falta de admisiones o de estipulaciones de las partes, no se puede adjudicar si el muelle de Ponce opera como una empresa comercial o como una empresa de servicio público, que serían las aplicables a la función típica de un muelle. Ya en *Junta Rel. Trabajo* v. *Junta del Muelle*, antes citado, resolvimos—pág. 159—que la operación del muelle municipal de Ponce, visto lo dispuesto por la Ordenanza de 1911 ya mencionada, (¹) es de la misma categoría de las "instrumentalidades corporativas" del gobierno estatal dedicadas a "transportación, electricidad y acueducto donde el consumidor está supuesto a pagar sustancialmente lo que vale el servicio, no obstante ser de naturaleza pública."

Obra en los autos originales de este caso copia de la resolución Núm. 5, serie 1968–1969, de la Junta Administrativa del Muelle de Ponce, en que dicha Junta reconoce que ". . . el muelle Municipal de Ponce, es una criatura legal, y una instrumentalidad del Municipio de Ponce organizado para funciones como negocio privado. . . ." Debe darse a las partes oportunidad de probar si esa afirmación era correcta, par-

---

(¹) La Sec. 9 de la Ordenanza Municipal de 1911, en lo pertinente, dispone:

"El ingreso neto derivado de la operación del muelle y malecón, después de pagarse los salarios y los gastos de operación, será separado por la junta administrativa y el tesorero municipal para pagar los intereses anuales y para aportar la cuota proporcional al fondo de amortización del empréstito municipal tomado a El Pueblo de Puerto Rico, con el propósito de la construcción de estas mejoras, y luego de haberse pagado los intereses y la cuota proporcional al fondo de amortización, la junta administrativa, con la aprobación del consejo municipal, podrá invertir la cantidad del balance sobrante como fuere necesario para la reparación y mantenimiento del muelle y sus dependencias, y para remover cualquier obstáculo al libre uso del mismo. Después que se hayan hecho tales asignaciones, el sobrante será puesto a la libre disposición del consejo municipal para ser legalmente invertido en aquellas mejoras de la ciudad según fuere necesario."

ticularmente durante el período cubierto por las reclamaciones que informa la querella. Así lo hicimos en *Sánchez* v. *Municipio de Cayey*, 94 D.P.R. 92 (1967) al resolver, frente a un planteamiento como el que ahora nos ocupa respecto de empleados de una planta eléctrica del Municipio de Cayey, que no debía desestimarse la demanda, ni declararse sin lugar las defensas del Municipio, sin oír prueba que determinara si la planta eléctrica en cuestión era una empresa de servicio público, y si operaba con fines de lucro o beneficio o sin tales fines, ". . . y como esta actividad o función del Municipio de Cayey se integra o se relaciona con aquellas otras propiamente gubernamentales sobre las cuales la Ley Núm. 379 y otras mencionadas pudieran no ser aplicables." (Véanse págs. 103–104 de la opinión.) Compárese *A.A.A.* v. *Unión de Empleados A.A.A.*, 105 D.P.R. 437 (1976).

En cuanto a la Ley de Normas Razonables del Trabajo—*Fair Labor Standards Act*—su definición del término "patrono" (*employer*) no deja lugar a dudas de su inaplicabilidad a empleados municipales. Dice así su Sec. 3, 29 U.S.C.A. sec. 203, como esta regía para las fechas a que se refiere la querella, en lo aquí pertinente:

"Según se usa en esta ley:
(a) . . . . . . . .

(c) 'Estado' significa cualquier Estado de los Estados Unidos o el Distrito de Columbia o cualquier territorio o posesión de los Estados Unidos.

(d) 'Patrono' incluye a cualquier persona que actúe directa o indirectamente en interés de un patrono en relación con un empleado pero no incluirá a los Estados Unidos o a un Estado o subdivisión política de un Estado, o a una organización obrera . . . .

. . . . . . . ."

(Traducción nuestra.) (²)

---

(²) El texto en inglés dice:
"As used in this chapter:

*Se anulará el auto expedido y se devolverán los autos originales al tribunal recurrido para ulteriores trámites consistentes con lo aquí resuelto.*

El Juez Presidente Señor Trías Monge concurre en el resultado.

---

"(a)   .        .        .        .        .        .        .        .

".        .        .        .        .        .        .        .

"(c) 'State' means any State of the United States or The District of Columbia or any territory or possession of The United States.

"(d) 'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee but shall not include The United States or any State or political subdivision of a State, or any labor organization . . . ."

En 1974 se enmendó esta definición de *employer* para incluir en ella a las agencias públicas. Posteriormente, en el caso de *National League of Cities* v. *Usery*, 426 U.S. 833, 44 L.W. 4974 (1976), el Tribunal Supremo de los Estados Unidos de América declaró esta enmienda inconstitucional. La querella en el caso que nos ocupa fue presentada en 1970.