Jose Luis Degros ZAMBRANA,
et al., Plaintiffs,

v.

MUNICIPALITY OF PONCE,
et al., Defendants.

Civ. No. 90–1484 (DRD).

United States District Court,
D. Puerto Rico.

Feb. 21, 1995.

Frank Rodriguez–Garcia, Ponce, PR, for plaintiffs.

Jorge F. Freyre–Forect, Ramon E. Bauza–Higuera, Bauza & Davila, Old San Juan, PR, for defendants.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Plaintiffs institute this suit under 42 U.S.C. § 1983, for injunctive and declaratory relief alleging they were deprived by the Defendants, the Major of Ponce and several Executives of the Municipality of Ponce in their personal capacity,[1] of Civil and Constitutional rights guaranteed by the Constitution and Laws of the Commonwealth of Puerto Rico and the United States. Pursuant to Rule 23 of the Fed.R.Civ.Proc., Plaintiffs seek a declaration that the actions of Defendants of increasing the daily hours of work of every employee of The Municipality of Ponce ("The Municipality"), from six and one half hours to seven and one half hours, without providing for additional compensation for the extra hour of daily work, amounts to a continuing deprivation of property right without Due Process of Law.

Co–Defendant the Municipality filed a Motion to Dismiss and a Memorandum in support thereof. (See Dockets # 8 and # 10). The Municipality argues that the Complaint fails to state a cause of action upon which relief can be granted. Defendants claim that Plaintiffs have not plead a cause of action, since they have no property right over a fixed six and one half per day work schedule. The Municipality further argues that even if such property right exists, no process was due.

Plaintiffs filed an opposition to Defendants' Motion (Docket # 11), wherein they alleged that the deprivation of their salaries, as a property right protected under the Constitution and the Laws of the United States and the Commonwealth of Puerto Rico, is actionable under 42 U.S.C. § 1983. Plaintiffs argue that Defendants' actions of increasing the daily work schedule of Plaintiffs from six and one half hours to seven and one half hours without additional compensation constitutes a reduction in Plaintiffs' salaries. Plaintiffs assert that their salaries cannot be reduced without affording them due process.

Both Plaintiffs and Defendants in their motions refer to documents (i.e. Municipal Ordinances No. 10 and No. 30) outside the pleadings. Submittal of documentary evidence in support of a motion to dismiss, converts the motion to dismiss to one for summary judgement. Fed.R.Civ.P. 12(b); *Garita Hotel Ltd. v. Ponce Federal Bank,* 958 F.2d 15, 18–19 (1st Cir.1992).

Summary judgement is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law. Fed.R.Civ.P. 56(c). A material fact is one that might affect the outcome of the suit under the governing law. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgement; the requirement is that there be no *genuine* issue of *material* fact." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5 at 8 (1st Cir.1990) (emphasis in original) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2509–2510, 91 L.Ed.2d 202 (1986) (citations omitted)). Also See *Woods v. Friction Materials, Inc.,* 30 F.3d 255, 259 (1st Cir.1994). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

Essentially, Rule 56(c) mandates the entry of summary judgement "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). As to issues on which the nonmovant has the burden of proof, the movant need do no more than aver "an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. at 2554. The burden of production then shifts to the nonmovant, who, to avoid summary judgement, must establish the existence of at least one question of fact that is

---

1. The Major Rafael Cordero Santiago, the Human Resources Secretary, Julio C. Silvagnoli Collazo, and Mayra D. Lopez, the Acting Human Resources Secretary, were all sued in their individual capacities. The Municipality of Ponce also figures as defendant.

both genuine and material. *See Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. The nonmovant, however, may not rest upon mere denial of the pleadings. Fed.R.Civ.P. 56. See *Richard A. Mottolo and Service Pumping & Drain Co., Inc. v. Fireman's Fund Insurance Company, et al.,* 43 F.3d 723, 725 (1st Cir.1995).

### THE FACTS:

We examine the facts in light most favorable to the nonmoving party. See *Poller v. Columbia Broadcasting Systems, Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *LeBlanc v. Great American Insurance,* 6 F.3d 836, 841 (1st Cir.1993), cert. denied —— U.S. ——, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994); *Richard A. Mottolo and Service Pumping and Drain Co. v. Fireman's Fund Ins., supra; Rossy v. Roche Products, Inc.,* 880 F.2d 621, 624 (1st Cir. 1989).

Plaintiffs are or have been public employees of the Municipality of Ponce. On September 24, 1986 The Municipal Assembly approved Ordinance Number Ten (10), series 1986–87, to authorize the Municipality to request a loan from the Treasury Department or the Economic Development Bank in the amount of $32,000,000.00. The Complaint alleges (paragraph 25) that one of the purposes of the loan was to provide a salary raise to all municipal employees. The Ordinance states that the purpose was to "pay for expired obligations of the Municipality, incurred in previous fiscal years." According to the Complaint (paragraph 26) the Municipality could not implement the wage increase. In order to implement a salary increase to its employees, effective June 24, 1986, the Municipality of Ponce maintained the weekly pay of the employees while at the same time reducing the daily hours of work from seven and a half to six and a half hours (paragraph 26 of the Complaint).

In its Memorandum, on page 11, Plaintiffs aver that said decrease in daily hours of work while maintaining the weekly salary of the employees placed the Municipality in compliance with the Fair Labor Standards Act' minimum wage applicable to municipalities pursuant to the mandate of the Supreme Court in the case of *Garcia v. San Antonio Metropolitan Transit Authority,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985).

On or about December 1987 an across the board wage salary increase of $25.00 per month was decreed by the Municipality of Ponce applicable to all of its employees. On April 3, 1989, defendant Julio C. Silvagnoli Collazo, Secretary of Human Resources of the Municipality, issued a memorandum following orders of the Major Rafael Cordero Santiago informing that starting April 15, 1989, the daily schedule of work for the employees of the Municipality would return to seven and half hours.[2]

### THE LAW

Plaintiffs federal due process right is totally dependent on possessing a property right on the alleged fixed six and a half daily work schedule. See, *Board of Regents v. Roth,* 408 U.S. 564, 576–578, 92 S.Ct. 2701, 2709–2710, 33 L.Ed.2d 548 (1972); *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985); *Collins v. Marina–Martínez,* 894 F.2d 474 (1st Cir.1990).

The concept of property requires more than an abstract need or desire; the property right is to be grounded on a legitimate claim of entitlement. *Board of Regents v. Roth,* supra, 408 U.S. at 576–578, 92 S.Ct. at 2709–2710. The source of the legitimate claim of entitlement is state law.

Property interests are not created by the Constitution; "[T]hey are created and their dimensions are defined by existing

---

2. The $25.00 increase received in December of 1987 (Statement of Admitted Fact No. 7 of Plaintiff) increased the rate per hour of employees. Subsequently after April 5, 1989, returning the employees to seven and a half hours then decreased the rate per hour. Plaintiff implies that after April 4, 1989 all but three municipal employees had a salary over $3.35 per hour (The Federal Minimum Wage) based on a seven and a half work day. (See Plaintiffs Annex "A" to the Complaint). We do not pass judgment over defendants compliance with minimum pay and overtime requirements under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

rules or understandings that stem from independent sources such a state law."[3]

■ Therefore, the sufficiency of a claim of entitlement to a property interest in public employment must be measured by, and decided with reference to, local law. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976).

The First Circuit has not vacillated in following the principle that property interests must be found on state law.[4]

The sufficiency of a claim of entitlement to a property interest in public employment must be measured by and decided with reference to local law. *Rosario Torres v. Hernández Colón,* 889 F.2d 314, 319 (1st Cir.1989) (en banc).

■ We must, therefore, examine if Plaintiffs' claim for a fixed six and a half work-day schedule constitutes a legitimate claim of entitlement grounded in state law.

Pursuant to the Municipal Act, in effect at all material times alleged in the complaint, the law stated that the hours of work would be determined by the Municipality through regulation[5] provided that the regular daily schedule shall not exceed eight (8) hours per day nor forty (40) hours per week, 21 L.P.R.A. § 3359(e). Following the mandate of law, the Municipality of Ponce issued a regulation coinciding with the regulation applicable to all central government employees of Puerto Rico.[6] The regulation provides as follows:

The regular weekly work schedule for employees shall not exceed forty (40) hours nor shall

The regular weekly schedule for the employees shall not exceed forty (40) hours, nor shall it be less than thirty-seven and one half hours on the basis of five working days, except as required by special law.
*Ponce Personnel Regulation, Art. 13, Section 13.7*

The critical inquiry then becomes whether under Puerto Rican Law, and particularly under Municipal law, Plaintiffs have a constitutionally protected property interest in a fixed six and a half hour work-day.

An examination of the statute reveals that the Municipality is not precluded from altering the work schedule, since said prerogative was delegated to the Municipality, provided that the work schedule remains within the maximum limits of the law, that is, not more than eight (8) hours of work per day and no more than forty (40) hours per week. We also find that since the Municipal law regulates the maximum number of hours to be worked in a day and in a week, there was no reasonable expectancy on any particular number of hours worked, other than not more than eight hours per day.[7]

■ Plaintiffs then argue that the property right is based on Municipal Ordinance Number Ten (10), Series 1986–1987, dated 24th of September, 1986. The Court disagrees. The purpose of the Ordinance was to "enter into an agreement with the Economic Development Bank or the Treasury Department through which funds may be advanced or facilitated to solve the immedi-

---

**3.** *Cleveland Board of Education v. Loudermill,* supra, 470 U.S. at 536, 105 S.Ct. at 1490 (quoting from *Board of Regents v. Roth,* supra, 408 U.S. at 577, 92 S.Ct. àt 2709).

**4.** See also *Collins v. Marina–Martinez,* supra, at page 476; *Caro v. Aponte–Roque,* 878 F.2d 1, 4 (1st Cir.1989); *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 53 (1st Cir.1990).

**5.** The law states that the Municipality shall determine "[t]hrough regulation everything related to the work day and employees' attendance". 21 L.P.R.A. § 3359(e)

**6.** The regulation for central government employees reads as follows:

The regular weekly work schedule for employees shall not exceed forty (40) hours nor shall

it be less than thirty-seven and one half (37½) hours, on the basis of five (5) work days, except as provided by special laws. The daily schedule shall not exceed eight (8) hours.
Personnel Regulations (OCAP)
Central Administration, Article 14, Section 14.1.

**7.** Puerto Rico's Wage and Hour Law, Law 379 of May 15, 1948, 29 L.P.R.A. § 271, et seq., does not apply to Municipalities. 29 L.P.R.A. § 285, *Alcalde de Ponce v. Tribunal Superior,* 105 D.P.R. 824 (1977). The ·Constitutional precept contained at Art. II § 16 of the Constitution of the Commonwealth of Puerto Rico, governing time and a half pay for hours worked in excess of eight hours, is applicable to the Municipalities. · See *Municipio de Guaynabo v. Superior Court,* 97 P.R.R. 532 (1969). Plaintiffs' expectancy under the Commonwealth Constitution, therefore, is limited to overtime pay in cases of eight hours.

ate problem of liquidity of the Municipality".[8] The Loan had to be procured because "the Municipality is currently going through a severe financial crisis that does not allow it to raise sufficient resources to take care of its basic needs for essential services, safety and general well being of the community ... Currently there are taxes of previous years pending collection, which constitute resources of the Municipality to be collected and the Municipality has operational expenses and debts contracted during the current fiscal year and previous fiscal years and does not have the necessary resources to satisfy the totality of said debts and/or expenses ..." (p. 1–2 Ordinance # 10).

Hence, the Municipal Assembly "authorize[s] the Major of this Municipality to enter into an agreement with the Economic Development Bank for Puerto Rico, or the Treasury Department, through which a municipal loan of special nature is contracted for the amount of Thirty-two Million Dollars ($32,-000,000.00) to pay expired obligations of the Municipality, incurred in during previous fiscal years ..." (p. 3 Ordinance # 10).

We have thoroughly examined Ordinance Number Ten (10) and fail to find any disposition wherein an "entitlement" exists to a guaranteed fixed six and a half hour daily schedule. We find no language in Ordinance Number Ten (10) that bars the Municipality from assigning employees seven and half hours of work, particularly considering that the Municipal Law delegates the hours of work to be assigned to the Municipality, except for assignments in excess of "eight hours per day".

 Finally, Plaintiffs claim that they were entitled to a pre-determination hearing pursuant to the case of *Cleveland Board of Education v. Loudermill,* supra. The Court

disagrees, since we find that Plaintiffs do not have a property right or interest in the above captioned case.[9]

Accordingly, the Court hereby **GRANTS** the Municipality's motion for summary judgement and orders the **DISMISSAL** of Plaintiffs' due process claim.

The Clerk of the Court shall enter judgment accordingly.

IT IS SO ORDERED.

---

8. Pages 2–3 of Ordinance Number Ten (10).

9. In order to determine whether to effectuate a pre-determination hearing, in cases short of termination, the Court must consider the three prong balancing test set forth in the case of *Mathews v. Eldridge,* 424 U.S. 319, 334–335, 96 S.Ct. 893, 902–903, 47 L.Ed.2d 18 (1976), which provides:

> More precisely, our prior decisions indicate that identification of the specific dictates of due process generally requires consideration of

three distinct factors: first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.