VÍCTOR FIGUEROA Y OTROS, peticionarios, *v.* TRIBUNAL SUPE-RIOR DE PUERTO RICO, SALA DE BAYAMÓN, HON. AUGUSTO PALMER, JUEZ, demandado; SANTA ROSA DEVELOPMENT CORPORATION Y ANTILLES CONSTRUCTION CORPORATION, interventoras.

*Número:* C-63-14     *Resuelto:* 19 de abril de 1963

---

*Juan Enrique Colón,* abogado de los peticionarios; *Fiddler, González & Rodríguez* y *Federico Tilén,* abogados de las interventoras.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: Los peticionarios radicaron demanda en la Sala de Bayamón del Tribunal Superior y alegaron ser propietarios de casas de vivienda que adquirieron de las demandadas recurridas; que las demandadas construyeron dichas casas luego de contratos de opción de compra con los peticionarios; que después de haber obtenido la propiedad de sus respectivas casas, los pisos de las mismas y el techo de una de ellas se agrietaron en forma considerable debido a defectos en la construcción; que dichos defectos no han podido ser subsanados, habiéndose por el contrario agravado dichas deficiencias. Solicitaron los peticionarios que se condenara a las demandadas a pagar daños como consecuencia de la culpa y negligencia en que incurrieron por razón de los hechos anteriormente expuestos.

Las demandadas interpusieron moción para desestimar alegando que la demanda no exponía una reclamación válida que justificara la concesión de un remedio contra ellas. Vista dicha moción, en 24 de enero de 1963 la Sala sentenciadora dictó la siguiente sentencia:

"La parte demandada ha radicado una moción de desestimación de la demanda, fechada el 18 de diciembre de 1962, fundamentando la misma en las circunstancias de no exponer la parte demandante una causa que justifique la concesión de un remedio contra la demandada.

El Tribunal luego de escuchar las partes en vista o audiencia oral, y del estudio correspondiente de los autos del caso, concluye que la demanda no aduce suficientes elementos mínimos de alegación, que delinien una causa de acción bajo algún articulado del Código Civil vigente o de algún estatuto especial.

Se declara con lugar la Moción de Desestimación radicada por la parte demandada y se desestima la demanda radicada en el presente caso.

Regístrese y Notifíquese."

Los peticionarios acudieron ante nos en un recurso de "Revisión" dentro del término estatutario de treinta días. Las demandadas recurridas pidieron la desestimación por razón de que no fueron notificadas del recurso hasta el día 27 de febrero o sea un día después del término estatutario. Negamos la desestimación porque consideramos el recurso como una solicitud de *certiorari*. Lo entendimos así ya que si bien la Sala sentenciadora dictó una sentencia, en esa etapa de los procedimientos tal sentencia era improcedente en derecho. La Sala debió haberse limitado a declarar con lugar la moción de desestimación si a juicio suyo creía que la demanda no aducía hechos, y permitir a los peticionarios enmendar ésta. Consideramos por tanto el recurso propiamente como una solicitud de *certiorari* y concedimos a las recurridas un término de treinta días para que mostraran causas por las cuales no debía expedirse el auto de *certiorari* y anularse el fallo. Las recurridas han comparecido oponiéndose a la solicitud.

Una demanda debe desestimarse en definitiva porque no aduce causa de acción sólo cuando la razón de pedir no procede bajo supuesto alguno de derecho concebible, y por lo tanto, la misma no es susceptible de ser enmendada.

*Siendo claro el error, se expide el auto de certiorari, se anula la sentencia dictada por la Sala de Bayamón del Tribunal Superior en 24 de enero de 1963 que desestimó la demanda, y se ordena que continúen los procedimientos ante dicha Sala de manera no incompatible con lo aquí dispuesto.*