GUILLERMO RIVERA RIVERA ET AL., demandantes y recurrentes, *v.* LUCAS TRINIDAD y EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandados y recurridos.

Número: R-70-336    Resuelto: 13 de septiembre de 1972

*José N. Dapena Laguna,* abogado de los recurrentes; *Gilberto Gierbolini, Procurador General,* y *Bienvenido Vélez Coello, Procurador General Auxiliar,* abogados del Estado Libre Asociado de Puerto Rico.

PER CURIAM: Se trata de una demanda de daños y perjuicios radicada por los recurrentes por sí y en representación de su hijo menor, Fernando Rivera Rivera, y por una hermana mayor de doble vínculo de éste, contra el Estado Libre Asociado de Puerto Rico y el Sargento de la Policía Lucas Trinidad por hechos ocurridos la noche del 14 de febrero de 1969 en Aibonito. Se alega en la demanda que mientras el Sargento Trinidad prestaba servicios detuvo ilegalmente a

dicho menor y procedió en forma brusca, mediante el uso de la fuerza y la violencia, a introducirlo en la parte posterior de un coche celular, "[e]n cuyo acto, y con el revólver de reglamento que portaba, le hizo un disparo que penetró por la espalda, en el cuerpo de dicho menor, teniendo orificio de salida de bala por la parte superior del hombro derecho de este codemandante."

Se formulan entonces otras alegaciones sobre negligencia y daños y termina la demanda con la siguiente alegación.

"Se alega expresamente para cada uno y todas las causas de acción, que el codemandado Estado Libre Asociado de Puerto Rico, recibió notificación de estos hechos el día siguiente de ocurridos a través de su Secretario de Justicia; Departamento de la Policía Estatal, en Aibonito, y Hato Rey, P.R.; y por la Fiscalía de Distrito de Guayama, P.R.; y que fue asimismo notificado de la acción en reclamación de Daños y Perjuicios contra él, dentro de los noventa (90) días de la fecha en que surgiera el derecho a tal acción, por carta certificada de agosto 8 de 1969, enviada en Ponce, P.R., bajo recibo número 288520 y recibida por el Departamento de Justicia de P.R. en representación del Estado Libre Asociado de Puerto Rico, en agosto 11 de 1969."

El Estado Libre Asociado de Puerto Rico compareció en autos en moción de desestimación. Alegó allí que la demanda no aduce hechos constitutivos de una causa de acción en contra del E.L.A. Se basó en que el tribunal carecía de jurisdicción por dos fundamentos, a saber:

1. De la propia faz de la demanda surgía que la parte demandante no había cumplido, dentro del término prescrito, con el requisito de notificación que exige la ley autorizando reclamaciones contra el E.L.A.

2. El E.L.A. no ha brindado su autorización para ser accionado por los actos de sus funcionarios, agentes o empleados, según se relatan en la propia demanda.

El tribunal celebró una vista, con la asistencia de las partes, para la discusión de la moción. Más tarde la resolvió

declarándola con lugar y dictó sentencia desestimando la demanda contra el E.L.A.

Sostuvo el tribunal que la comunicación del 8 de agosto de 1969 cursada al Secretario de Justicia fue hecha fuera del término de noventa (90) días que fija la ley, siendo este requisito una condición previa de cumplimiento estricto para poder demandar.

En apoyo de la desestimación añadió el tribunal, como fundamento adicional, que las acciones, como la de los recurrentes, no estaban autorizadas contra el E.L.A.

Acordamos revisar. La ley que autoriza pleitos contra el Estado por daños y perjuicios a la persona o a la propiedad establece en su Art. 2A, 32 L.P.R.A. sec. 3077a, que no podrá iniciarse acción judicial de clase alguna por daños causados por la culpa o negligencia del Estado si no se hubiese efectuado una notificación escrita al Secretario de Justicia dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama haciendo constar, en forma clara y concisa, la fecha, sitio, causa, naturaleza general del daño y otros datos que allí se especifican. La ley requiere que la notificación se remita al Secretario de Justicia por correo certificado, personalmente o en cualquier otra forma fehaciente.

De las cinco notificaciones que se alega en la demanda fueron hechas por los recurrentes, sólo la fechada 8 de agosto de 1969, es decir, 85 días en exceso de los 90 requeridos, fue considerada por el tribunal, concluyéndose que la misma era tardía. El tribunal no pasó sobre la suficiencia de ninguna de las otras cuatro entre las cuales se encuentra la siguiente alegación referente a la notificación:

"Se alega expresamente para cada uno y todas las causas de acción, que el codemandado Estado Libre Asociado de Puerto Rico, recibió notificación de estos hechos el día siguiente de ocurridos, a través de su Secretario de Justicia. . . ."

■ A los fines de resolver la moción de desestimación, era preciso que el juez considerara como cierta dicha alegación. *Cervecería Corona, Inc.* v. *Tribunal Superior*, 99 D.P.R. 698, 701 (1971). La alegación está redactada en lenguaje sencillo, conciso y directo al efecto de que el Secretario de Justicia recibió notificación de los hechos al día siguiente de ocurridos. Esto es lo que se requiere, pues como es sabido en el procedimiento civil moderno se acepta que las alegaciones sólo persiguen el propósito de notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes. Regla 6.5(a) de Procedimiento Civil; *Sierra* v. *Tribunal Superior*, 81 D.P.R. 554, 560 (1959). Esta alegación es suficiente y cumple con la regla que exige que el cumplimiento con el requisito de notificación debe ser alegado como un elemento esencial de la reclamación del demandante, aunque no es ello un requisito estrictamente jurisdiccional y la omisión de alegarlo y probarlo debe ser levantada como cualquier otra defensa no privilegiada. *Insurance Co. of P.R.* v. *Ruiz*, 96 D.P.R. 175, 179–180 (1968).

■ Pero es que aun cuando concebiblemente pudiera el juez estar justificado en sostener que la notificación única que consideró y que sostuvo era tardía—la del 8 de agosto de 1969—la demanda, en sus alegaciones, era susceptible de enmienda, ya que conforme a la ley autorizando pleitos contra el Estado el requisito de notificación puede dispensarse de mediar justa causa para su incumplimiento,(¹) dispensa ésta que reconoce que el cumplimiento de dicho requisito presupone una persona hábil para hacerla y que la gravedad de las lesiones sufridas, en determinadas circunstancias,

---

(¹) El párrafo (e) del Art. 2A de dicha ley preceptúa (32 L.P.R.A. sec. 3077a(e)):

"No podrá iniciarse acción judicial de clase alguna contra el Estado Libre Asociado de Puerto Rico por daños causados por la culpa o negligencia de aquél, si no se hubiese efectuado la notificación escrita en la forma y manera y dentro de los plazos prescritos en esta Sección, *a menos que no haya mediado justa causa para ello.*" (Énfasis nuestro.)

puede ser factor relevante de si le impidió o no al perjudicado verificar la notificación. *Mangual* v. *Tribunal Superior*, 88 D.P.R. 491, 495–496 (1963). Sólo procede la desestimación de una demanda cuando el tribunal, al estudiar las alegaciones, queda plenamente convencido que no procede bajo supuesto alguno y, por lo tanto, la misma no es susceptible de ser enmendada. *Figueroa* v. *Tribunal Superior*, 88 D.P.R. 122, 124 (1963).

El segundo motivo para la desestimación de la demanda radica en que los hechos alegados, aceptando los mismos como ciertos, son constitutivos de acometimiento y agresión u otro delito contra la persona y la acción por los mismos contra el Estado no está autorizada por éste. El juez sentenciador se refiere a la sección de la ley que, al establecer una excepción a la renuncia del Estado a su inmunidad, dispuso que no autorizaba las acciones por daños y perjuicios contra el Estado por acto u omisión de un funcionario, agente o empleado "(d) constitutivo de acometimiento, agresión u otro delito contra la persona. . . ." Ley Núm. 104, 29 de junio de 1955, Art. 6, inciso (d); 32 L.P.R.A. sec. 3081(d).

En efecto, hemos resuelto en *Báez Vega* v. *E.L.A.*, 87 D.P.R. 67, 72–73 (1963) que bajo este inciso la renuncia de inmunidad del Estado queda preservada de provenir el daño—"[d]e actos negligentes de un empleado que no constituyan determinados delitos en que la intención es un elemento esencial". Véase, además, *Montes* v. *Fondo del Seguro del Estado*, 87 D.P.R. 199, 205–208 (1963).

El juez sentenciador tenía ante sí un problema de suficiencia de alegaciones para resolver. No era ésta la etapa para hacer adjudicaciones anticipadas en sus méritos sobre si los actos del funcionario al disparar el arma son constitutivos o no del delito de acometimiento o agresión u otro delito contra la persona del menor recurrente. Nos parece arriesgado en esta etapa considerar que meras alegaciones, al efecto de que el funcionario procedió en forma "brusca" y mediante

el uso de la "fuerza" y la "violencia" introdujo al menor recurrente en el coche celular y le hizo un disparo, caen de lleno dentro de la excepción a la renuncia de inmunidad contemplada en el artículo mencionado. La solución no debe, en justicia, descansar en meras alegaciones, sino en base a la prueba que pueda aportarse en un juicio en sus méritos en torno a distintos factores tales como la gravedad de la actuación y los móviles del policía. Fue evidentemente por esto que el juez sentenciador en su sentencia se expresó:

"En cuanto a este fundamento, sin embargo, sería más conveniente escuchar la prueba para determinar si hubo o no intención criminal."

Estamos de acuerdo con estas expresiones del juez. El perímetro de las alegaciones es, en este caso específico, un marco muy estrecho para juzgar los méritos de la reclamación de los recurrentes. La demanda no debió desestimarse. No está muy claro para nosostros que, en definitiva, luego de un juicio en sus méritos, la misma no procediese bajo supuesto alguno de hecho y de derecho concebible.

*La sentencia objeto de este recurso será revocada y se devolverá el caso a la sala de instancia para que allí continúen los procedimientos consistentes con lo antes expuesto.*

El Juez Presidente, Señor Negrón Fernández, no intervino.