Brau Ramírez, Juez Ponente
*785 TEXTO COMPLETO DE LA RESOLUCION
I
La peticionaria Malgor & Co., Inc. ("Malgor") recurre de una orden emitida el 28 de agosto de 1998 por el Tribunal de Primera Instancia, Sala Superior de Bayamón, en el pleito sobre incumplimiento de contrato de distribución presentado contra dicha parte por el recurrido Adam Colón h/n/c Mar-Mich & Associate. Mediante el dictamen en cuestión, el Tribunal denegó una moción de desestimación presentada por Malgor al amparo de la Regla 10.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.2.
Denegamos.
II
CD\ 00 o* p a* CD St o* p QP CD P O Cl o o _ o S3 os p 5S 03 CD *.§* p p 3 « — ► Q* P CD 9* O. CD CD ig fs Q co o ? 3 P T3 a w p g SS-p 3 || íg1 G> O ^ 03 ge og O P3 • o o I H CO P CD 03
En o para 1995, la peticionaria contrató al recurrido Adam Colón h/n/c Mar-Mich & Associate para la venta de los productos de la peticionaria en las islas del Caribe. En virtud de dicho acuerdo el recurrido vendió los productos de Margol por espacio de aproximadamente dos años.
El 19 de agosto de 1997, el recurrido instó la presente demanda contra Margol ante el Tribunal de Primera Instancia por incumplimiento de contrato de distribución al amparo de la Ley Núm. 75 de 24 de junio de 1964, 10 L.P.R.A. sees. 278 y ss.
En su demanda, el recurrido alegó que las partes tenían una relación comercial de contrato de distribución en la que el recurrido era el distribuidor y Margol el principal y que dicho contrato se estatuyó en Puerto Rico.
El recurrido alegó que había actuado como el único distribuidor de Margol por espacio de dos años, que había creado un mercado y conquistado una clientela para los productos de Margol mediante la promoción y conclusión de contratos de venta para ésta. Se alegaba que: "[l]a parte demandada violó el contrato de distribución entre las partes sin justa causa en menoscabo de las obligaciones contractuales con el demandante, contratando con un tercero la distribución de sus productos." El recurrido solicitaba daños por la violación contractual sin justa causa llevada a cabo por la peticionaria.
La peticionaria contestó la demanda, negando las alegaciones. Presentó además una moción de desestimación al amparo de la Regla 10.2 de las de Procedimiento Civil, la que estaba acompañada por un documento que supuestamente era el acuerdo entre las partes. Dicho documento, suscrito por el recurrido y por uno de los oficiales de Malgor, enumeraba los siguientes términos:

"1. El Sr. Colón venderá los productos de Malgor en las siguientes islas del Caribe: St. Thomas, St. Croix, Tortola, St. Martín, Anguila, St. Kitts, Nevis, Monserrat, Antigua, Aruba y Curagao. Cualquier isla adicional se coordinará entre ambas partes.

2. El Sr. Colón hará las gestiones de venta y cobro en los respectivos clientes a quien Malgor facturará directamente.

3. El precio que Malgor facturará incluirá la comisión del Sr. Colón.

4. La comisión será la siguiente: 5% en provisiones 5% en vinos, licores y sidra.

5. El Sr. Colón pagará a Malgor el total de la factura menos la comisión mencionada.

*786
6. El Sr. Colón acordó que no venderá productos de otras compañías que puedan competir con los productos de Malgor."

En su moción de desestimación, la parte peticionaria alegó que, toda vez que la distribución concedida al recurrido era en las islas del Caribe, la Ley Núm. 75 resultaba inaplicable, por cuanto la misma sólo contemplaba la creación de mercados dentro de Puerto Rico. Argumentó, además, que el recurrido no contaba con una causa de acción bajo la Ley Núm. 75, por cuanto el contrato no le confería ninguna exclusividad en su distribución, y que tampoco existía una causa de acción bajo el Código de Comercio o el Código Civil.
El recurrido se opuso a la moción de la peticionaria.
Luego de otros incidentes, el 28 de agosto de 1998, el Tribunal procedió a denegar la moción de Margol.
Insatisfecha, dicha parte acudió entonces ante este Tribunal.
III
En su recurso, Margol plantea que erró el Tribunal de Primera Instancia al denegar su moción de desestimación.
La Regla 10.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.2, autoriza a una parte demandada a presentar una moción solicitando la desestimación de una demanda cuando, entre otros fundamentos, la reclamación presentada deja de exponer hechos suficientes para justificar la concesión de un remedio.
El Tribunal Supremo de Puerto Rico ha establecido que a los fines de disponer de una moción de desestimación presentada bajo esta Regla, se deben tomar como ciertos los hechos bien alegados en la demanda. Pressure Vessels of Puerto Rico v. Empire Gas of P.R., _ D.P.R. _ (1994), 94 J.T.S. 144, a la pág. 431; Granados v. Rodríguez Estrada I, 124 D.P.R. 1, 48-49 (1989); Ramos v. Marrero, 116 D.P.R. 357, 369 (1985); Dobbins v. Hato Rey Psychiatric Hospital, 87 D.P.R. 30, 32 (1962).
Unicamente se desestimará una acción cuando el promovente no tenga derecho a ningún remedio bajo cualesquiera hechos que él pueda probar en el juicio. Agosto Ortiz v. Municipio de Río Grande, _ D.P.R. _ (1997), 97 J.T.S. 69, a la pág. 1,014; Soto López v. Colón Méndez, _ D.P.R. _ (1997), 97 J.T.S. 74, a la pág. 1,074; Pressure Vessels of Puerto Rico v. Empire Gas of P.R., 94 J.T.S. 144, a la pág. 431; Granados v. Rodríguez Estrada I, 124 D.P.R. a las págs. 48-49; Rivera Rivera v. Trinidad, 100 D.P.R. 776, 781 (1976); Reyes v. Sucn. Sánchez Soto, 98 D.P.R. 305, 309 (1970); Figueroa v. Tribunal Superior, 88 D.P.R. 122, 124 (1963).
La desestimación de un litigio por las alegaciones no es favorecida. Candal v. CT Radiology Office Inc., 112 D.P.R. 227, 230 (1982); Una moción para desestimar una demanda debe ser interpretada liberalmente a favor de la parte que se opone a la misma. Agosto Ortiz v. Municipio de Río Grande, 97 J.T.S. 69 a la pág. 1,014; Rivera Flores v. Compañía ABC h/n/c McGaw of P.R., Inc., _ D.P.R. _ (1995), 95 J.T.S. 22, a la pág. 6; González Camacho v. Santos Cruz, 124 D.P.R. 396, 397-398 (1989); Candal v. CT Radiology Office, Inc., 112 D.P.R. a las págs. 230-231.
Debe recordarse que el propósito de las alegaciones de una demanda es notificar a grandes rasgos las reclamaciones y defensas de las partes y que éstas deben gozar de la oportunidad de utilizar los mecanismos de descubrimiento de prueba para precisar cuáles son las verdaderas cuestiones en controversia y aclarar cuáles son los hechos que deberán probarse en el juicio. Meléndez Vega v. El Vocero de Puerto Rico, _ D.P.R. _ (1997), 97 J.T.S. 139, a la pág. 300; El Vocero v. Junta de Planificación, 121 D.P.R. 115, 126-127 (1988); Polanco v. Tribunal Superior, 118 D.P.R. 350, 358-359 (1987), Sierra v. Tribunal Superior, 81 D.P.R. 554, 560 (1959).
No procede la desestimación de una demanda por dejar de exponer hechos que justifiquen la concesión de un remedio si ésta es susceptible de ser enmendada. Clemente v. Departamento de la Vivienda, 114 D.P.R. 763, 771 (1983); Figueroa v. Tribunal Superior, 88 D.P.R. _ a la pág. 124. *787 Debe considerarse que la política pública que rige en nuestra jurisdicción es que los casos sean adjudicados en los méritos, luego de conceder a cada parte su día en corte. PFZ Properties Inc. v. General Accident Insurance Company, Ltd., _ D.P.R. _ (1994), 94 J.T.S. 116, a la pág. 125.
Cuando en una moción de desestimación se incluyeran materias no incluidas en las alegaciones y éstas no fueren excluidas por el Tribunal, la moción se considera como una solicitud de sentencia sumaria bajo la Regla 36 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.
Bajo este último precepto, el Tribunal goza de discreción para dictar sentencia sumaria desestimando un pleito cuando "no existe controversia real sustancial en cuanto a ningún hecho material y... como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente". Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.3; véase, además, Rodríguez v. Secretario de Hacienda, _ D.P.R. _ (1994), 94 J.T.S. 20, a la pág. 11,550; Rivera Tello v. Eastern Air Lines, 119 D.P.R. 83, 86 (1987); Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714, 720 (1986).
El Tribunal Supremo de Puerto Rico ha advertido que la sentencia sumaria sólo procede en casos claros cuando el Tribunal tiene ante sí la verdad sobre todos los hechos pertinentes y no hace falta una vista evidenciaría. J.A.D.M. v. Centro Comercial Plaza Carolina, _ D.P.R. _ (1993), 93 J.T.S. 26, a la pág. 10,439. Cualquier duda sobre la procedencia de la moción debe ser resuelta en contra de la parte proponente de la misma, véanse, Bonilla Medina v. Partido Nuevo Progresista, _ D.P.R. __ (1996), 96 J.T.S. 33, a la pág. 790; Rivera Santana v. Superior Packing, Inc., _ D.P.R. _ (1992), 92 J.T.S. 165, a la pág. 10,165.
Al dictar sentencia sumaria, el tribunal: (1) analizará los documentos que acompañan la moción solicitando sentencia sumaria y los documentos incluidos con la moción de oposición y aquellos que obren en el expediente del tribunal; (2) determinará si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. El tribunal no debe dictar sentencia sumaria cuando (1) existen hechos materiales no controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o (4) como cuestión de derecho no procede. PFZ Properties v. General Accident Insurance Corp., 94 J.T.S. 116, a la pág. 125.
En la situación de autos, la demanda presentada por la parte recurrida invocaba una acción bajo la Ley Núm. 75 de 24 de junio de 1964, 10 L.P.R.A. secs. 278 y ss.
La citada Ley Núm. 75 establece una causa de acción a favor del distribuidor por la terminación sin justa causa o menoscabo del contrato de distribución por el principal. 10 L.P.R.A. sec. 278a; Borg Warner International Corp. v. Quasar Company a Division of Matsushita Electric Corp. of America, _ D.P.R. _ (1995), 95 J.T.S. 30, a la pág. 714; Warner Lambert, Co. v. Tribunal Superior, 101 D.P.R. 378, 400 (1973); Marina Ind. Inc. v. Brown Boveri Corp., 114 D.P.R. 64, 77 (1983).
Esta conducta del principal se considera un acto torticero, dando lugar a la compensación de daños por las partidas establecidas en el art. 3 de la Ley, 10 L.P.R.A. sec. 278b.
El propósito de dicho estatuto fue remediar la situación de los distribuidores afectados por las actuaciones de los principales quienes sin justa causa daban por terminadas las relaciones contractuales una vez el distribuidor había establecido un mercado favorable para el producto o servicio. Véanse, Sistema de P.R. Inc. v. Interface Int'l, 123 D.P.R. 379, 386 (1989); San Juan Merc. v. Canadian Transport Co., 108 D.P.R. 211, 216 (1978); Walborg Corp. v. Tribunal Superior, 104 D.P.R. 184, 189 (1975); Warner Lambert Co. v. Tribunal Superior, 101 D.P.R. 378, 398 (1973); véase, además, la exposición de motivos de la Ley, Leyes de Puerto Rico, a la pág. 242 (1964).
Ahora bien, la Ley define "contrato de distribución" como aquella "relación establecida entre un distribuidor y un principal o concedente, mediante la cual, e irrespectivamente de la forma en que las partes denominen, caractericen o formalicen dicha relación, el primero se hace real y efectivamente cargo de la distribución de una mercancía, o de la prestación de un servicio mediante la concesión o *788 franquicia en el mercado de Puerto Rico." 10 L.P.R.A. sec. 278.
La Ley también define el término "distribuidor" como aquella "persona realmente interesada en un contrato de distribución por tener efectivamente a su cargo en Puerto Rico la distribución, agencia, concesión o representación de determinada mercancía o servicio." id.
Las disposiciones sobre justa causa y sobre daños del estatuto también contienen diversas alusiones al "mercado de Puerto Rico". 10 L.P.R.A. secs. 278a-1; 278b.
Descansando en este lenguaje, Margol alega que en la presente situación el recurrido no puede alegar una causa de acción bajo la Ley Núm. 75, toda vez que el mercado atendido por éste no incluía a Puerto Rico sino que consistía de otras islas del Caribe (St. Thomas, St. Croix, Tortola, St. Martín, Anguila, St. Kitts, Nevis, Monserrat, Antigua, Araba y Cura9ao).
Consideramos, sin embargo, que se trata más bien de un problema de derecho internacional privado y conflicto de leyes. Aunque, por sus términos, la Ley Núm. 75 está diseñada para gobernar relaciones contractuales de distribución dentro del territorio del Estado Libre Asociado de Puerto Rico, nada impide que dicho estatuto sea aplicable, en las circunstancias apropiadas, a contratos de este tipo entre dos ciudadanos y/o residentes de Puerto Rico aunque la actividad pactada sea llevada a cabo en otra jurisdicción.
El Tribunal Supremo de Puerto Rico ha observado, en este sentido, que nuestro Código Civil guarda silencio sobre la norma de derecho aplicable a la reglamentación sustantiva de obligaciones contractuales. Federal Insurance Co. v. Dresser Industries Inc., 111 D.P.R. 96, 105 (1981).
En este tipo de casos, el Tribunal Supremo ha adoptado un análisis de contactos dominantes. Federal Insurance Co. v. Dresser Industries Inc., 111 D.P.R. a la pág. 106; Green Giant Co. v. Tribunal Superior, 104 D.P.R. 489, 498-499 (1975); Walborg Corp. v. Tribunal Superior, 104 D.P.R. a la pág. 193; véase, además,Toppel v. Toppel, 114 D.P.R. 775, 795 (1983); compárese, Restatement, Second, Conflicts of Law, secs. 6 y 188.
Se trata de un enfoque más bien funcional, dirigido a evitar las reglas formales y a reconocer la gran diversidad de obligaciones contractuales. Federal Insurance Co. v. Dresser Industries Inc., 111 D.P.R. a la pág. 106.
En la situación de autos, la parte recurrida ha invocado la aplicación de la Ley Núm. 75 al contrato entre las partes, señalando que ambas partes son residentes en Puerto Rico, que el contrato se otorgó en esta jurisdicción y que el producto del negocio es recibido por Margol aquí. Se trata de consideraciones apropiadas para este análisis. Federal Insurance Co. v. Dresser Industries Inc., supra; véase, el art. 10.5 del Título Preliminar del Código Civil de España; Restatement, Second, Conflicts of Law, sec. 188.
No podemos concluir, en esta etapa, y a base del limitado récord ante nos, que el Tribunal de Primera Instancia hubiera abusado de su discreción al negarse a desestimar la demanda, por este fundamento. Lo cierto es que los detalles de la relación contractual entre las partes han sido sólo superficialmente alegados. Es imposible descartar, de este modo, la posibilidad que el presente caso esté efectivamente gobernado por la Ley Núm. 75, aunque la distribución de los productos de Malgor se lleve a cabo fuera de Puerto Rico. Los elementos indicados, cuando menos, respaldan dicha posibilidad. El error no se cometió.
Margol también alega que, aun de entenderse aplicable la Ley Núm. 75, el recurrido no goza de una causa de acción, puesto que dicho estatuto no le confería exclusividad en su representación.
La Ley Núm. 75, sin embargo, establece en su art. 2A que se presumirá que un principal o concedente ha menoscabado la relación establecida cuando, entre otras circunstancias, "el principal o concedente establece una relación de distribución con uno o más distribuidores adicionales para el área de Puerto Rico o cualquier parte de dicha área contrario al contrato existente entre las partes". 10 L.P.R.A. sec. 278a-1. En la situación de autos, el recurrido expresamente ha alegado que "[l]a *789 parte demandada violó el contrato de distribución entre las partes sin justa causa en menoscabo de las obligaciones contractuales con el demandante, contratando con un tercero la distribución de sus productos."
En la medida en que la Ley Núm. 75 pueda ser aplicable al contrato entre las partes, entendemos que dichas alegaciones serían suficientes para establecer una causa de acción bajo el estatuto. Aunque del contrato sometido no se desprende que el recurrido tuviese una expectativa de que no se nombraran otros distribuidores, ni está claro que ello hubiera constituido un menoscabo real a su distribución existe, cuando menos, controversia real sustancial entre las partes sobre este punto. En estas circunstancias, no percibimos abuso de discreción alguno por parte del Tribunal de Primera Instancia en su determinación.
Por los fundamentos expresados, se deniega el auto solicitado.
Lo pronunció el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General