Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI (ESPECIAL)

| | | |
|---|---|---|
| SA POBLA INVESTMENT, LLC<br><br>Apelante<br><br>v.<br><br>COSTA DEL SUR INVESTMENTS, LLC y otros<br><br>Apelados | KLAN202400537 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso núm.: SJ2023CV05067 (603)<br><br>Sobre: Cobro de Dinero-Ordinario, y otros |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres y la jueza Rivera Pérez.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de julio de 2024.

Comparece ante este tribunal apelativo SA Pobla Investments, LLC (Sa Pobla o la parte apelante) mediante el presente recurso de *Apelación Civil* y nos solicita que revoquemos la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI) el 7 de marzo de 2024. En el aludido dictamen, el foro primario declaró *Ha Lugar* a la *Solicitud de desestimación de la demanda al amparo de la Regla 10.2 de las de Procedimiento Civil y de imposición de honorarios de abogado por temeridad* presentada por GeodataPR International, Inc. (GeodataPR), desestimando así parcialmente la *Demanda* instada en su contra.

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia Parcial* emitida por el TPI.

**I.**

El 26 de mayo de 2023, Sa Pobla presentó ante el TPI una *Demanda en cobro de dinero y petición de disolución de empresa común* contra Costa del Sur Investments, LLC (Costa del Sur),

Healthcare Ventures, LLC (Healthcare) y GeodataPR.[1] En síntesis, en esta le solicitó al foro primario lo siguiente: (1) disolver la empresa Healthcare que posee en cincuenta por ciento de participación (50%) con Costa del Sur acorde con un Plan de Disolución; (2) el cobro de $482,794.52 a Healthcare, GeodataPR y Costa del Sur por ser alegadamente garantizadores solidarios de la deuda; y (3) el embargo provisional de en aseguramiento de sentencia de los bienes pertenecientes a Healthcare, GeodataPR y Costa del Sur.[2]

En lo que nos concierne al presente recurso, el 4 de agosto de 2023, GeodataPR presentó una *Solicitud de desestimación de la demanda al amparo de la Regla 10.2 de las de Procedimiento Civil y de imposición de honorarios de abogado por temeridad.*[3] Arguyó que procedía la desestimación de la demanda en su contra pues Sa Pobla no tenía derecho a remedio alguno, ya que esta no compareció en ningún documento como firmante, deudor ni garantizador solidario.[4]

El 8 de septiembre de 2023, Sa Pobla presentó su *Oposición a Moción de Desestimación.*[5] En el aludido escrito, esta argumentó que no procedía la desestimación de la demanda pues en la transacción realizada en el "*Healthcare Ventures, LLC Memorandum of terms*" … comparecieron los oficiales de GeodataPR, el Sr. Fermín Fracinetti Rivas (señor Fracinetti Rivas) y la Sra. Janet Martínez Ortiz (señora Martínez Ortiz) como copresidentes y principales oficiales de la empresa.[6] De igual forma, adujo que el hecho de que el nombre de GeodataPR no apareciera en el párrafo introductorio o en la lista de firmantes no significaba que no formó parte de la transacción.[7] Finalmente, apuntaló que los contratos llevados a cabo eran válidos

---

[1] Véase, Apéndice 1 del Recurso, a las págs. 1-55.
[2] *Íd.*
[3] Véase, Apéndice 23 del Recurso, a las págs. 175-199.
[4] *Íd.*
[5] Véase, Apéndice 41 del Recurso, a las págs. 379-404.
[6] *Íd.*
[7] *Íd.*

y exigibles, por los cuales tenía una reclamación en cobro de dinero contra Healthcare y GeodataPR.[8]

Así las cosas, el 28 de septiembre de 2023, GeodataPR presentó una *Réplica sobre [o]posición a moción de desestimación.*[9] En resumen, sostuvo sus planteamientos esbozados en su *Solicitud de desestimación de la demanda…*[10] Expresó, además, que la única empresa que quedó sujeta al contrato fue Healthcare pues contrario a los planteamientos de Sa Pobla, los copresidentes y principales oficiales de la empresa GeodataPR no comparecieron a dicho contrato en representación de esta.[11] Por lo que, arguyó que advino tercero ajeno a dicha transacción y por tal razón, no se considera deudor de la obligación.[12]

Por su lado, el 25 de octubre de 2023, Sa Pobla presentó su *Dúplica en torno a moción de desestimación.*[13] En el escrito, la parte apelante mantuvo los planteamientos esbozados en su *Oposición a Moción de Desestimación.*[14] De igual forma, manifestó que la intención de **los copresidentes y principales oficiales de la empresa GeodataPR, el señor Fracinetti Rivas y la señora Martínez Ortiz**, era vincular a esta como co-deudora y garantizadora del pago de las obligaciones contraídas en el *"Healthcare Ventures, LLC Memorandum of terms"*…[15]

Luego de varios incidentes procesales, el 7 de marzo de 2024, el TPI emitió la *Sentencia Parcial* impugnada en la cual declaró *Ha Lugar* a la *Solicitud de desestimación de la demanda…* presentada por GeodataPR, desestimando así la acción de cobro de dinero instada en su contra.[16] El TPI razonó que:

---

[8] *Íd.*
[9] Véase, Apéndice 49 del Recurso, a las págs. 430-434.
[10] *Íd.*
[11] *Íd.*
[12] *Íd.*
[13] Véase, Apéndice 57 del Recurso, a las págs. 459-465.
[14] *Íd.*
[15] *Íd.*
[16] Véase, Apéndice 95 del Recurso, a las págs. 615-625.

> … [d]e un examen del referido Contrato de Financiamiento surge que, las partes comparecientes fueron SA Pobla, Costa del Sur, Healthcare y el Sr. Nield. En representación **de estas corporaciones**, comparecieron **los mismos dos accionistas de la codemandada Geodatapr**. Ahora bien, no **nos convence el argumento** de que por el hecho de que **los accionistas de Geodatapr hayan comparecido al acuerdo, lo hayan hecho también en representación de Geodatapr y mucho menos que con sus actos la hayan vinculado.** Tomando como ciertos todos los hechos bien alegados en la Demanda y considerándolos de la manera más favorable a favor de la parte demandante, el Tribunal concluye que **Geodatapr no quedó vinculada en ese aludido Contrato como parte o deudora.** Los accionistas comparecieron en representación de SA Pobla, Costa del Sur y Healthcare **aunque se haya alegado que el propósito de Geodatapr haya sido viabilizar financiamiento de actividades comerciales de Geodatapr**.[17] (Énfasis nuestro)

Así las cosas, e inconforme con el dictamen, SA Pobla presentó una *Moción en reconsideración.*[18] El 1 de mayo de 2024, el TPI emitió una *Resolución* en la cual declaró *No Ha Lugar* al petitorio.[19]

Todavía en desacuerdo, Sa Pobla acude ante este foro apelativo mediante el presente recurso de *Apelación Civil* imputándole al foro primario la comisión del siguiente error:

> ERRÓ EL TPI [AL] DESESTIMAR LA DEMANDA EN CONTRA DE GEODATA AL AMPARO DE LA REGLA 10.2 DE PROCEDIMIENTO CIVIL TODA VEZ QUE ADJUDICÓ LAS ALEGACIONES DE LA DEMANDA COMO SI TRATARA DE UNA SOLICITUD DE SENTENCIA SUMARIA ADJUDICANDO HECHOS Y DANDO CREDIBILIDAD A LOS DICHOS DEL LCDO. SANTIAGO TORRES E IGNORANDO LAS INCONGRUENCIAS FÁCTICAS CREADAS POR ÉSTE EN SUS PROPIOS ESCRITOS AL TRIBUNAL PRIVANDO ASÍ A SA POBLA DE SU DERECHO A REALIZAR DESCUBIRMIENTO DE PRUEBA Y TENER SU DÍA EN CORTE.

El 4 de junio de 2024, emitimos una *Resolución* concediéndole a la parte apelada el término de treinta (30) días para expresarse.[20] El 2 y 7 de julio siguiente, las partes apeladas presentaron sus respectivos alegatos en oposición. Por lo que, nos damos por cumplidos y a su vez, decretamos perfeccionado el recurso.

---

[17] *Íd.*
[18] Véase, Apéndice 96 del Recurso, a las págs. 626-648.
[19] Véase, Apéndice 101 del Recurso, a las págs. 664-665.
[20] Ese mismo día la parte apelante presentó una *Moción certificando la notificación del Recurso…* por lo que nos damos por enterados.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

### *La Moción de desestimación*

La Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, establece los fundamentos por los que una parte puede solicitar la desestimación de una demanda presentada en su contra, estos son: falta de jurisdicción sobre la materia o la persona, insuficiencia del emplazamiento o su diligenciamiento, **dejar de exponer una reclamación que justifique la concesión de un remedio** o dejar de acumular una parte indispensable.

Al resolver una moción de desestimación al palio de la Regla 10.2, *supra*, por el fundamento de dejar de exponer una reclamación que justifique la concesión de un remedio, los tribunales deberán tomar como ciertos todos aquellos hechos bien alegados en la demanda, esto solamente será posible si estos hechos han sido aseverados de una manera clara y concluyente, y que de su faz no den margen a dudas, tales alegaciones, además, hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante. *Casillas Carrasquillo v. ELA*, 209 DPR 240, 247 (2022) citando a *Torres, Torres v. Torres et al.*, 179 DPR 481, 501 (2010); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428-429 (2008).

En *Colón Rivera et al. v. ELA*, 189 DPR 1033 (2013) el Tribunal Supremo indicó, que: "… al examinar la demanda para resolver este tipo de moción se debe ser sumamente liberal y 'únicamente procedería [la desestimación] cuando de los hechos alegados no podía concederse remedio alguno a favor del demandante'." *Íd.*, a la pág. 1049. Nuestro ordenamiento jurídico también ha reconocido que no procede la desestimación definitiva de una acción por el fundamento de dejar de exponer los mismos hechos que justifiquen

la concesión de un remedio <u>si dicha demanda es susceptible de ser enmendada</u>. *Clemente v. Depto. De la Vivienda*, 114 DPR 763, 771 (1983) citando a *Figueroa v. Tribunal Superior*, 88 DPR 122 (1963).

En *Roldán v. Lutrón, S.M., Inc.*, 151 DPR 883 (2000), el más alto foro expresó lo siguiente:

> [...] En otras palabras, cuando se pide la desestimación de una demanda ... por vicio intrínseco de la misma el que formula la moción hace el siguiente planteamiento: "Yo acepto para los propósitos de mi moción de desestimación **que todo lo que se dice en esta demanda es cierto**, pero aún así, no aduce una reclamación que justifique la concesión de un remedio, o no se ha unido una parte indispensable, o el tribunal no tiene jurisdicción, etc." Es decir, a los efectos de considerar esta moción no se ponen en duda los hechos aseverados porque se ataca por un vicio intrínseco de la demanda o del proceso seguido". R. Hernández Colón, *Manual de Derecho Procesal Civil*, Hato Rey, Ed. Equity de Puerto Rico, 1969, pág. 212. [Énfasis nuestro]

**III.**

La parte apelante apuntaló que erró el foro primario al desestimar la acción contra GeodataPR bajo la Regla 10.2(5) de las Reglas de Procedimiento Civil. Argumentó, además, que el foro apelado adjudicó los hechos como si fuese una sentencia sumaria privando al apelante de un descubrimiento de prueba y su día en corte. Le asiste razón, veamos.

Como señalamos, el análisis de una solicitud de desestimación al amparo de la Regla 10.2, *supra*, exige que los tribunales tomen como ciertos todos los hechos bien alegados en la demanda. Asimismo, estos tienen que ser interpretados conjuntamente, liberalmente y de la manera más favorable posible para la parte demandante. En el caso de autos, y conforme a las alegaciones de la demanda, los siguientes hechos deben considerarse como ciertos:[21]

- Desde el 2 de julio de 2018, los accionistas y administradores de Geodata son JMO Consultancy, LLC y Sampierdarena Investments, LLC. **Los principales** de JMO y Sampierdarena **son la señora**

---

[21] Véase, Apéndice 1 del Recurso, a las págs. 1-55. Alegaciones 17, 18, 19, 29, 32, 35 y 46 de la demanda.

> **Janet Martínez Ortiz** por JMO **y el señor Fermín Fracinetti Rivas** por Sampierdarena. Martínez y Fracinetti **son también los principales de Costa del Sur y Sa Pobla**, respectivamente.

- JMO y Sampierdarena continuaron los negocios de Geodata sin interrupción por varios años a partir de esta fecha. Sin embargo, durante el primer trimestre de 2021, **Geodata requirió capital adicional para sufragar sus operaciones**.

- A estos efectos, Costa del Sur y Sa Pobla estipularon usar a Healthcare como empresa común **para levantar capital y facilitar el financiamiento de Geodata.**

- Las partes [en el] Contrato de Financiamiento estipularon que **el uso de los fondos sería contribuirlos a Geodata como deuda e inversión** en una serie de acciones preferidas, convertibles y redimibles en Geodata:

> **Indebtedness contribution with GEODATAPR** INTERNATIONAL, INC. ("Geodata") in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) **in exchange of** a Series A Redeemable Convertible Preferred Shares for the issuance of a Certificate of Deposit on the same amount with Banesco USA Puerto Rico Branch, to be attached into that pending Bond Surety Agreement of GeodataPR by and among Antilles Insurance Company. Id.

- Todos los acuerdos del Contrato de Financiamiento se materializaron. Healthcare levantó los $500,000.00 **y subsiguientemente los aportó a Geodata**.

- Este activo en efectivo **luego se aportó a Geodata de conformidad con el Contrato de Financiamiento**. De este modo, **se conformó el principal activo vigente de Healthcare: <u>la cuenta por cobrar que Geodata le debe a Healthcare por la suma de $500,00.00</u>**.

- Por tratarse de un acuerdo entre acreedores preferentes y subordinados, por operación de ley y por contrato, Sa Pobla se subrogó en todos los derechos y acciones y garantías que favorecían al Sr. Nield, incluyendo **todos los derechos sobre la garantía mobiliaria cedida por Geodata** sobre el Colateral en el Contrato de Financiamiento. [Énfasis y subrayado nuestro]

De un análisis de estas alegaciones, el foro apelado concluyó que GeodataPR no quedó vinculada como parte o como deudora. Sin fundamento alguno y sin haber celebrado una vista evidenciaria, expresó que "no nos convence el argumento de que por el hecho de que los accionistas de GeodataPR hayan comparecido al acuerdo, lo hayan hecho también en representación de GeodataPR y mucho

menos que con sus actos la hayan vinculado." Por otro lado, el foro apelado reconoció que al contrato comparecieron en representación de Sa Pobla, Costa del Sur y Healthcare **los mismos dos accionistas de GeodataPR**. Aún así concluyó que, dicha corporación no quedó vinculada e ignoró su propio razonamiento al señalar que "aunque se haya alegado que el propósito [...] haya sido viabilizar financiamiento de actividades comerciales de Geodatapr."

Así pues, de las alegaciones antes consignadas, así como de las propias expresiones del foro apelado, colegimos que no procedía conceder el petitorio desestimatorio. Es decir, tomando como ciertos todos los hechos bien alegados en la demanda y considerándolos de la manera más favorable a favor de Sa Pobla, la demanda sí aduce una reclamación contra GeodataPR que justifica la concesión de un remedio. Al respecto, puntualizamos que de la demanda surge que todas las corporaciones involucradas en el contrato, tanto las limitadas, así como la incorporada, sus dueños, miembros, accionistas y oficiales corporativos **son los mismos**, a saber: la señora Martínez Ortiz y el señor Fracinetti Rivas. De igual manera, del contrato en controversia surge claramente que el monto de $500,000 sería aportado a GeodataPR a cambio de una Serie A de acciones preferentes convertibles rescatables (*Redeemable Convertible Preferrend shares*) emitidas por un certificado de depósito por la misma cuantía con el banco Banesco. El cual, a su vez, formaría parte de un contrato de fianza (*bond surety agreement*) entre Geodatapr y Antille Insurance Company. Asimismo, no podemos perder de perspectiva que, según se alegó en la demanda, las partes en el Contrato de Financiamiento estipularon que *el uso de los fondos sería contribuirlos a Geodatapr como deuda e inversión en una serie de acciones preferidas, convertibles y redimibles en Geodatapr.*

Ahora bien, y conforme a lo antedicho, la causa de acción aquí en controversia no versa sobre un simple contrato de préstamo. De las alegaciones de la demanda y de una lectura del contrato intitulado *Healthcare Ventures, LLC Memorandum of terms for short-term structured financing attaching convertible and seniority preferences*, surge que incluye negocios complejos, y en el cual los entes jurídicos se obligaron mutuamente a realizar ciertos actos vinculantes acorde con las transacciones allí consignadas. Por ello, erró el foro apelado al conceder la desestimación solicitada por GeodataPR, ya que los hechos bien alegados requieren un análisis más profundo. De igual manera, surge de los escritos en oposición presentados por Costa del Sur y GeodataPR que la "intención" de los contratantes era no obligar a GeodataPR. Sin embargo, es harto conocido que la intención es materia de prueba, ya que para su determinación hay que examinar la conducta coetánea, posterior o aún anterior al otorgamiento del negocio jurídico.[22]

Por su parte, no podemos obviar que la determinación de si un funcionario o un oficial corporativo posee la facultad de vincular y actuar a nombre de la corporación no depende necesariamente de su título, sino de <u>la autoridad que se le confirió o que aparentemente se le confirió en la estructura corporativa</u>.[23] Por ende, también erró el foro apelado al simplemente razonar que al no estar el nombre de GeodataPR al final del contrato, ni constar la firma de algún oficial corporativo, era suficiente para concluir que de la demanda no surge una reclamación en su contra. En este sentido, precisa advertir que la autoridad mediante la cual comparecieron **los únicos dueños**, oficiales y accionistas de todas las corporaciones aquí demandadas,

---

[22] Véase, Artículo 354 del Código Civil de 2020, 31 LPRA sec. 6342.
[23] C. Diaz Olivo, Corporaciones, *Tratado sobre Derecho Corporativo*, 2da. ed. rev., Ed. AlmaForte, a las págs. 196-197.

quienes son el señor Fracinetti Rivas y la señora Martínez Ortiz <u>es materia de prueba</u>.

Por lo cual, el TPI incidió en su apreciación y se apartó del análisis requerido al establecer que "[l]os accionistas comparecieron en representación de SA Pobla, Costa del Sur y Healthcare aunque se haya alegado que el propósito [...] haya sido viabilizar financiamiento de actividades comerciales de Geodatapr." Así pues, reiteramos que tomando como ciertos todos los hechos bien alegados en la demanda y considerándolos de la manera más favorable a favor de Sa Pobla, forzoso es concluir que la demanda aduce una reclamación contra GeodataPR que justificaría la concesión de un remedio.

En consecuencia, se cometió el error señalado.

**IV.**

Por los fundamentos antes expuestos, revocamos la *Sentencia Parcial* apelada.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones