Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| EDGAR PÉREZ MATÍAS<br><br>Apelante<br><br>v.<br><br>BELLA VISTA HOSPITAL, INC., h/n/c HOSPITAL BELLA VISTA; INTEGRAND MEDICAL SOLUTIONS, LLC; DR. ALEJANDRO VARGAS NOGUEZ y la Sociedad de Gananciales compuesta con su conyugue MENGANA MÁS CUAL; MEDPRO GROUP h/n/c THE MEDICAL PROTECTIVE COMPANY; TRIPLE-S PROPIEDAD, INC.; PUERTO RICO MEDICAL DEFENSE INSURANCE COMPANY; SINDICATO DE ASEGURADORAS PARA LA SUSCRIPCIÓN CONJUNTA SEGURO DE RESPONSABILIDAD PROFESIONAL MEDICO-HOSPITALARIA (SIMED); COMPAÑÍAS DE SEGUROS A, B, y C; PERSONAS DESCONOCIDAS X, Y y Z<br><br>Apelados | KLAN202400125 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: MZ2023CV01403 (306)<br><br>Sobre: daños y Perjuicios; Impericia Médica |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 26 de abril de 2024.

Comparece ante nos el señor Edgar Pérez Matías ("señor Pérez Matías" o "Apelante") mediante un recurso de *Apelación* presentado el 12 de febrero de 2024. Nos solicita la revocación de una *Sentencia Parcial* emitida el 30 de noviembre de 2023 y notificada el 6 de diciembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez ("foro primario" o "foro *a quo*"). Por virtud de la misma, el foro *a quo* desestimó la reclamación judicial del

Apelante, bajo el fundamento de prescripción extintiva. Oportunamente, éste presentó una *Solicitud de Reconsideración.* Evaluados sus argumentos, el 10 de enero de 2024, notificada el 12 del mismo mes y año, el foro primario emitió una *Orden,* en la que declaró *No Ha Lugar* la reconsideración solicitada.

A su vez, el Apelante nos peticiona la revocación de una *Sentencia* emitida el 17 de enero de 2024, notificada al próximo día. Mediante el referido dictamen, dicho foro *a quo* desestimó la demanda instada contra The Medical Protective Company ("MedPro"), amparado nuevamente en la figura de la prescripción extintiva.

Por los fundamentos que exponemos a continuación, **confirmamos** las sentencias apeladas.

**I.**

El **11 de abril de 2022**, el señor Pérez Matías instó una *Demanda* (MZ2022CV00544) de daños y perjuicios contra de Bella Vista Hospital Inc. haciendo negocios como Hospital Bella Vista ("Hospital"), Integrated Medical Solution ("Integrated"), el doctor Alejandro Vargas Noguez ("Dr. Vargas Noguez"), y el Sindicato de Aseguradores para la Suscripción Conjunta de Seguro de Responsabilidad Profesional Médico-Hospitalaria ("SIMED"), entre otros.[1] En ajustada síntesis, alegó que el **11 de abril de 2021**, visitó la Sala de Emergencia del Hospital tras experimentar un fuerte dolor abdominal. Sin embargo, adujo que no recibió tratamiento adecuado y fue dado de alta a destiempo. Como resultado, aseveró que sufrió una perforación intestinal. En vista de lo anterior, solicitó $500,000.00 en concepto de daños físicos y angustias mentales.

El **11 de agosto de 2022**, el demandante presentó un *Aviso de Desistimiento Voluntario al Amparo de la Regla 39.1(a)(1) de*

---

[1] Entrada (1) del Sistema Unificado del Manejo y Administración de Casos (SUMAC) del caso MZ2022CV00544.

*Procedimiento Civil*.[2] Evaluada su solicitud, el **11 de agosto de 2022**, el Tribunal de Primera Instancia emitió *Sentencia*, notificada el **16 de agosto de 2022**, declarando *Ha Lugar* el referido desistimiento. En lo concerniente, dispuso el siguiente dictamen:

> Atendido el "AVISO DE DESISTIMIENTO VOLUNTARIO AL AMPARO DE LA REGLA 39.1 (A)(1) DE PROCEDIMIENTO CIVIL" presentada el 11 de agosto de 2022 por la parte demandante, por conducto de su representante legal, se dispone:
>
> Se declara HA LUGAR dicha solicitud y en virtud de las disposiciones de la Regla 39.1(a)(1) de las de Procedimiento Civil para el Tribunal General de Justicia, se decreta el archivo sin perjuicio. (Énfasis suprimido).[3]

Eventualmente, el **14 de agosto de 2023**, el señor Pérez Matías incoó una segunda *Demanda* (MZ2023CV01403) fundamentada en los mismos hechos.[4] En lo pertinente, advirtió que el 11 de abril de 2022, presentó una *Demanda* con el propósito de interrumpir el término prescriptivo.[5] Sin embargo, manifestó que en aquel entonces desconocía la identidad de los demandados. Añadió que el Hospital ocultó información necesaria para presentar su causa de acción.

Así las cosas, el **10 de agosto de 2023**, el Dr. Vargas Noguez junto al Sindicato presentaron una *Moción de Desestimación por Prescripción*.[6] En este escrito, advirtieron que el término de un (1) año empezó a transcurrir desde el aviso del desistimiento de la primera demanda. De igual modo, el 10 de octubre de 2023, Integrated sometió una *Moción de Desestimación por Prescripción Extintiva* amparada en los mismos argumentos.[7]

En respuesta, **11 de octubre de 2023,** el demandante presentó su *Oposición a Mociones de Desestimación Registradas en*

---

[2] Apéndice de Apelante, pág. 65.
[3] *Íd.,* pág. 64.
[4] *Íd.,* págs. 36-54.
[5] *Íd.,* pág. 45.
[6] *Íd.,* págs., 55-58.
[7] *Íd.,* págs. 59-65.

*SUMAC Núm. 18 y 19.*[8] En dicho escrito, reiteró que el Hospital ocultó información pertinente a su causa de acción. Aseveró que el término prescriptivo empezó a transcurrir el **17 de agosto de 2022,** día que recibió copia de su expediente médico, y consecuentemente, pudo identificar como cocausantes de sus daños al Dr. Vargas e Integrated.

En vista de lo anterior, el **12 de octubre de 2023**, el Dr. Vargas Noguez y el Sindicato sometieron un escrito intitulado *Dúplica y Solicitud para que se nos Releve de Contestar Hasta que se Resuelva la Moción de Desestimación.*[9] En esencia, argumentaron que el Apelante tenía conocimiento de la identidad de la parte compareciente desde la radicación de la demanda primera. Por tanto, adujeron que el hecho de que éste no contara con la totalidad del expediente médico, de ninguna manera implicaba que el término prescriptivo no había empezado a transcurrir. De nuevo, solicitaron desestimar la reclamación instada en su contra.

En respuesta, el **23 de octubre de 2023**, el Apelante presentó una *Réplica en Torno a Escrito Registrado en SUMAC Núm. 27.*[10] En esta ocasión, arguyó que las mociones de desestimación sometidas adolecen de los requisitos mínimos de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R.10.2. Por tanto, añadió que procedía convertir la solicitud de desestimación a una petición de sentencia sumaria. Sin embargo, advirtió que los documentos presentados tampoco exhiben los criterios de una moción de sentencia sumaria. En vista de ello, solicitó denegar de plano la desestimación peticionada.

Por su parte, el **26 de octubre de 2023**, el Hospital radicó su *Moción de Desestimación.*[11] En lo concerniente, sostuvo que el haber

---

[8] *Íd.,* págs. 66-77.
[9] *Íd.,* págs. 78-81.
[10] *Íd.,* págs. 82-87.
[11] *Íd.,* págs. 88-96.

o no obtenido el expediente médico no altera el punto de partida de cuando comenzó a cursar el término prescriptivo en cuanto el Hospital, ni el momento en el que adquirió conocimiento sobre su alegada responsabilidad. Indicó que no proceden las alegaciones sobre la teoría cognoscitiva de los daños, puesto que fue incluido como codemandado desde la primera demanda. Además, argumentó que en la primera demanda se incluyeron más codemandados e información más abarcadora que la segunda demanda. En respuesta, el **10 de noviembre de 2023**, el demandante sometió *Oposición en Torno a "Moción Solicitando Desestimación" Registrada en SUMAC Núm. 32.*[12] En ésta, articuló las mismas alegaciones de sus anteriores oposiciones.

Evaluados los argumentos esgrimidos, el **30 de noviembre de 2023**, notificada el **6 de diciembre de 2023**, el foro primario emitió *Sentencia Parcial*, declarando *Ha Lugar* la desestimación peticionada. En ese dictamen, formuló las siguientes determinaciones de hechos:

1) El 11 de abril de 2021 el Sr. Edgar Pérez Matías acudió a Sala de Emergencias del Hospital Bella Vista de Mayagüez debido a dolor abdominal.

2) Fue admitido al Hospital Bella Vista y dado de alta el 15 de abril de 2021.

3) El 16 de abril de 2021 el Sr. Edgar Pérez Matías regresó a Sala de Emergencias del Hospital Bella Vista donde luego de ser evaluado fue dado de alta.

4) El mismo día el Sr. Edgar Pérez Matías acudió al Hospital Buen Samaritano de Aguadilla donde fue admitido.

**5) Por dichos hechos el Sr. Edgar Pérez Matías presentó una demanda sobre daños y perjuicios el 11 de abril de 2022 en el caso MZ2022CV00544.**

**6) En dicho caso el 11 de agosto de 2022 el Sr. Edgar Pérez Matías presentó una "Moción de Desistimiento Voluntario al Amparo de la Regla 39.1(A)1.**

---

[12] *Íd.,* págs. 97-103.

**7) El 16 de agosto de 2022 se dictó Sentencia declarando Ha Lugar la Moción de Desistimiento Voluntario y la Sentencia fue notificada el mismo día.**

**8) La demanda en el caso de epígrafe fue radicada el 14 de agosto de 2023**. (Énfasis nuestro).[13]

Conforme de las determinaciones de hechos formuladas por el foro primario, concluyó que la *Demanda* estaba prescrita. Fundamentó su determinación en lo siguiente:

De una revisión de las alegaciones de la demanda este Tribunal, para fines de resolver las Mociones de Desestimación presentadas por las partes Dr. Alejandro Vargas Noguez y Sindicato de Aseguradores para la Suscripción Conjunta de Seguros de Responsabilidad Medico-Hospitalaria (SIMED), Integrated Medical Solutions, LLC. y Bella Vista Hospital, Inc., en conjunto con y las correspondientes Oposiciones de la parte demandante, respectivamente, este Tribunal tomó como ciertas las alegaciones, en específico los hechos claramente establecidos en la demanda y lo que se desprende del caso Civil radicado originalmente bajo el número MZ2022CV00544. De los mismos se desprende que la parte demandante el 11 de abril de 2022 presentó una demanda la cual fue desistida el 11 de agosto de 2022, siendo dictada la Sentencia el 16 de agosto de 2022 y notificada en la misma fecha. **Conforme la Regla 39.1 (A)1 de Procedimiento Civil de Puerto Rico y la jurisprudencia interpretativa queda establecido claramente que el momento en que comenzó a decursar y/o transcurrir el término prescriptivo fue a partir del momento en que la parte demandante desistió sin perjuicio de la causa de acción instada en el caso originalmente radicado número MZ2022CV00544. La Moción de Desistimiento Voluntario fue radicada por la parte demandante el 11 de agosto de 2022, por lo que dicha parte contaba con un término de un año a partir de dicha fecha para radicar la demanda en el caso que nos ocupa y se desprende que dicho término culminó el 11 de agosto de 2023.**

**Como la demanda en el caso de epígrafe fue radicada el 14 de agosto de 2023 ciertamente la misma se presentó fuera del término de un año establecido por el Código Civil de Puerto Rico, cuando estaba prescrita**.[14] (Énfasis nuestro).

Emitida la referida determinación, el **6 de diciembre de 2023**, Bella Vista y The Medical Protective Company ("MedPro") presentaron una *Moción Adoptando por Referencia Moción*

---

[13] Íd., págs. 2-3.
[14] Íd., pág. 6.

*Solicitando Desestimación Legajo Núm. 32 para que se Incluya a Med Pro en la Sentencia Parcial Dictada, Legajo Núm. 36.*[15] En lo concerniente, peticionaron que incorporaran a MedPro en la sentencia debido a que por error involuntario Bella Vista no le incluyó en la solicitud de desestimación.

Oportunamente, el **20 de diciembre de 2023**, el Apelante sometió una *Solicitud de Reconsideración.*[16] En este escrito, reiteró que el Hospital ocultó la información desde el 8 de agosto de 2022. Especificó que conoció el rol de los demandados el 17 de agosto de 2022, entiéndase, el día en que la institución demandada divulgó el expediente solicitado. Así detallado, razonó que desde ese día empezó a transcurrir el término prescriptivo.[17] Examinados sus argumentos, el **10 de enero de 2024**, el foro primario emitió una *Orden*, notificada el **12 de enero de 2024**, declarando *No Ha Lugar* la reconsideración presentada.[18]

Posteriormente, el **17 de enero de 2024**, el foro primario atendió la solicitud de desestimación anteriormente presentada por MedPro. El mismo 17 de enero de 2024, notificada al próximo día, el foro primario emitió *Sentencia*, en la cual desestimó la causa de acción en contra de MedPro, por haber transcurrido el término prescriptivo.[19]

Inconforme con los referidos dictámenes, **el 12 de febrero de 2024**, el señor Pérez Matías acudió ante nos mediante recurso de *Apelación*. En su escrito, presentó los siguientes señalamientos de error:

> A. Erró el TPI al desestimar la Demanda sin tomar por ciertos todos los hechos alegados e interpretarlos de forma conjunta, liberal y de la manera más favorable a la parte demandante, en contravención a lo dispuesto en nuestro ordenamiento procesal, privándole de

---

[15] Apéndice de Bella Vista y MedPro, págs. 1-2.
[16] Apéndice de Apelante, págs. 10-24.
[17] *Íd.,* pág. 18.
[18] *Íd.,* pág. 25.
[19] *Íd.,* págs. 26-35.

presentar prueba a su favor en violación al debido proceso de ley que le asiste.

B. Erró el TPI al ignorar la jurisprudencia aplicable en torno al efecto interruptor que surge de los actos de ocultar información por parte de un demandado.

C. Erró el TPI al considerar materia extrínseca para la adjudicar las mociones de desestimación sin específicamente haberlas convertido en una sentencia sumaria con la correspondiente oportunidad para el demandante-apelante sometiera prueba para oponerse conforme a derecho.

D. Erró el TPI al aplicar incorrectamente la norma pautada de Vera Morales vs. Bravo Colón, 2004 TSPR 30 (2004) a los hechos del caso.

F. Erró el TPI al desestimar una demanda que era susceptible de ser enmendada en contravención a la norma pautada en Puerto Rico desde Figueroa v. Tribunal Superior, 88 D.P.R. 122 (1963).

El 15 de febrero de 2024, esta Curia emitió una *Resolución* ordenando a las partes apeladas a someter su posición dentro de un término de treinta (30) días.

En el ínterin, el 16 de febrero de 2024, el Apelante presentó una *Solicitud al Amparo de la Regla 201 de Evidencia para que se Tome Conocimiento Judicial de la Nueva Norma Recién Pautada por el Tribunal Supremo en Valedón v. Hospital Dr. Susoni Health Community Services, Corp., 2024 TSPR 10, 213 DPR __ (2024).* En síntesis, el Apelante alegó que el 9 de febrero de 2024 el Tribunal Supremo publicó el caso *Valedón v. Hospital Dr. Susoni Health Community Services, Corp., supra,* el cual es relevante y su interpretación debe ser aplicada a la controversia de epígrafe. En particular, señaló que en su primera demanda no cumplió con el término para emplazar de 120 días dispuesto en la Regla 4.3 de Procedimiento Civil, *supra,* por lo que solicitó el desistimiento de la causa de acción. Planteó que, de conformidad con el precitado caso, procede que se tome en consideración la fecha en que el foro primario dictó sentencia en la que desestimó la primera demanda y no desde el aviso de desistimiento.

Posteriormente, el 18 de marzo de 2024, las partes apeladas sometieron sus respectivos alegatos en oposición al recurso de apelación. A su vez, el Hospital y MedPro presentaron un escrito intitulado *Oposición a "Solicitud al Amparo de la Regla 201 de Evidencia para que se Tome Conocimiento Judicial de la Nueva Norma Recién Pautada por el Tribunal Supremo en Valedón v. Hospital Dr. Susoni Health Community Services, Corp., 2024 TSPR 10, 213 DPR __ (2024)"*. En este, señalaron que el caso *Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp., y otros, supra,* fue resuelto antes de los hechos que dieron lugar a la controversia de epígrafe y su normativa no podía ser aplicada retroactivamente. Añadió que dicho caso se resolvió al amparo de la Regla 4.3 de Procedimiento Civil, *supra,* y no bajo la Regla 39.1 (a) de Procedimiento Civil, *supra.*

También, el Dr. Vargas Noguez y SIMED presentaron *Réplica a Solicitud al Amparo de la Regla 201 de Evidencia para que se Tome Conocimiento Judicial de la Nueva Norma Recién Pautada por el Tribunal Supremo en Valedón v. Hospital Dr. Susoni Health Community Services, Corp., 2024 TSPR 10, 213 DPR __ (2024).* Mediante este escrito, indicaron que los argumentos del Apelante no fueron planteados ante el foro primario ni argumentados en el escrito de apelación. Además, señalaron que la norma del caso no podía ser aplicada de manera retroactiva.

Con el beneficio de la comparecencia de las partes, procedemos a exponer el marco legal aplicable a la controversia ante nuestra consideración.

**II.**
### A. Regla 10.2 de Procedimiento Civil

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a la parte demandada solicitar la desestimación de la demanda antes de contestarla "cuando es evidente de las

alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043, 1065 (2020), citando a *Sánchez v. Aut. de los Puertos*, 153 DPR 559, 569 (2001). La precitada regla fija los siguientes fundamentos para solicitar la desestimación: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable.

Al evaluar una solicitud desestimatoria, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409 (2008). Cabe destacar que, "no procede la desestimación a menos que se deduzca con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación". *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera*, 184 DPR 407, 423 (2012).

Ante una moción de desestimación, "resulta evidente interpretar las alegaciones conjunta y liberalmente a favor del promovido". *Torres, Torres v. Torres Serrano*, 179 DPR 481, 502 (2010); *Sánchez v. Aut. de Los Puertos*, 153 DPR 559, 570 (2001). El tribunal debe examinar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Colón v. Lotería*, 167 DPR 625, 649 (2006); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

### B. Prescripción extintiva

La prescripción de las acciones es un asunto de derecho sustantivo, no procesal, que persigue *"evitar la incertidumbre de las relaciones jurídicas y castigar la inacción en el ejercicio de los derechos." García Pérez v. Corp. Serv. Mujer,* 174 DPR 138, 147 (2008). Véase, además, *SLG Haedo-López v. SLG Roldán-Rodríguez,* 203 DPR 324, 336 (2019). A esos fines, el Artículo 1189 del Código Civil de 2020, 31 LPRA sec. 9481, establece que "[l]a prescripción es una defensa que se opone a quien no ejercita un derecho o acción dentro del plazo de tiempo que la ley fija para invocarlo". A su vez, el aludido artículo añade que "[l]as acciones prescriben por el mero lapso del tiempo fijado por ley". Íd.

En armonía con lo anterior, nuestro ordenamiento jurídico reconoce que, a diferencia de la caducidad, la prescripción sí permite interrupción. Existen tres (3) maneras de interrumpir la prescripción, a saber: (1) la presentación de la acción judicial correspondiente, (2) por una reclamación extrajudicial hecha por el acreedor, dirigida al deudor, o (3) el reconocimiento de la obligación por parte del deudor. **Producida la interrupción, comienza nuevamente a transcurrir el cómputo del plazo.** (Énfasis nuestro). Art. 1197 del Código Civil de 2020, 31 LPRA sec. 9489. Véase, además, *Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp., y otros*, 213 DPR ___ (2024); 2024 TSPR 10, resuelto el 7 de febrero de 2024; *Nevárez Agosto v. United Surety et al.,* 209 DPR 346, 356 (2022). **En ausencia de un acto interruptor, el titular de una causa de acción pierde su derecho a instarla si no la ejerce en el plazo que establece la Ley.** *Conde Cruz v. Resto Rodríguez,* 205 DPR 1043, 1067 (2020).

En virtud de esa normativa, nuestro Tribunal Supremo ha reiterado la finalidad jurídica de esta figura, estableciendo lo siguiente:

Al fijar un plazo determinado en el cual se deberá instar una acción, se pone punto final a las situaciones de incertidumbre jurídica y se evita que las personas estén sujetas de forma indefinida a la contingencia de una reclamación. **De lo contrario, un demandado podría encontrarse en una situación de indefensión como consecuencia del paso del tiempo y la desaparición de la prueba.** (Énfasis nuestro). *Íd.,* pág. 1068.

De tal manera, **se promueve que las personas ejerzan sus causas de acción con diligencia, lo que fomenta la estabilidad en las relaciones y el tráfico jurídico**. *SLG Haedo-Castro v. Roldan Morales, supra,* pág. 336.

### C. *Teoría cognoscitiva del daño*

El Artículo 1204 (a) del Código Civil de 2020, 31 LPRA, sec. 9496, fija el término prescriptivo en torno a las reclamaciones de daños y perjuicios:

Prescriben, salvo disposición diversa de la ley:
(a) por el transcurso de **un (1) año**, la reclamación para exigir responsabilidad extracontractual, **contado desde que la persona agraviada conoce la existencia del daño y quien lo causó**. (Énfasis nuestro).

La brevedad de este plazo responde a la inexistencia de una relación jurídica previa entre demandante y demandado. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 374 (2012); *Culebra Enterprises Corp. v. ELA*, 127 DPR 943, 951-952 (1991), citando a L. Díez-Picazo, *La prescripción en el Código Civil*, Barcelona, Ed. Bosch, 1964, pág. 239.

En lo atinente a las reclamaciones por impericia médica, el Tribunal Supremo ha delineado las siguientes consideraciones:

Para ejercer la acción de daños y perjuicios por impericia médica no basta tener conocimiento del daño, sino que **resulta imprescindible conocer quién es el autor para dirigir la demanda contra él.** Para que comience a transcurrir efectivamente el plazo prescriptivo extintivo de un (1) año para la presentación de la acción de daños y perjuicios por impericia médica, el actor debe conocer el daño que ha sufrido y el autor del mismo. *Vera v. Dr. Bravo,* 161 DPR 308, 322 (2004). (Énfasis nuestro).

Según la interpretación jurisprudencial, el término prescriptivo "**comienza a transcurrir una vez el agraviado**

**conoció o debió conocer los elementos necesarios para ejercer su causa de acción, a saber: que sufrió un daño y quién lo causó**". *Conde Cruz v. Resto Rodríguez, supra,* pág. 1068. (Énfasis nuestro). Por tanto, "no es necesario que el perjudicado conozca en ese momento toda la magnitud y extensión de las consecuencias lesivas de las lesiones corporales, ya que tal extremo se puede establecer en un momento posterior durante el proceso jurídico para su reparación". *Vera v. Dr. Bravo, supra,* pág. 330.

Ahora bien, **si no insta la reclamación por la falta de diligencia, estas consideraciones liberales de la prescripción no aplican.** *Saldaña Torres et al. v. Mun. San Juan,* 198 DPR 934, 942 (2017). (Énfasis nuestro). Le corresponde al demandante ejercer la diligencia de una persona prudente y razonable, de manera que descubra los elementos necesarios para su causa de acción en un tiempo razonable para, así, cumplir con los propósitos de la prescripción. *Véase Vera v. Dr. Bravo, supra,* pág. 330.

### D. Efecto del aviso de desistimiento en el contexto de la prescripción extintiva

En nuestro ordenamiento jurídico, "el desistimiento se refiere a una declaración de voluntad que realiza una parte mediante la cual anuncia su deseo de abandonar la causa de acción que interpuso en el proceso que se encuentra pendiente". *Pagán Rodríguez v. Pres. Cams. Legs.,* 206 DPR 277, 285 (2021), citando a J. A. Cuevas Segarra, *Tratado de derecho procesal civil,* 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1138. A tales fines, la Regla 39.1(a)(1) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.1(a)(1) recoge la normativa vinculante con este mecanismo procesal, disponiendo lo siguiente:

> Sujeto a las disposiciones de la Regla 20.5, una parte demandante podrá desistir de un pleito sin una orden del tribunal:
>
> (1) **Mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la**

**notificación por la parte adversa de la contestación o de una moción de sentencia sumaria, cualesquiera de éstas que se notifique primero**.
[…].

A menos que el aviso de desistimiento o la estipulación exponga lo contrario, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presente una parte demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún tribunal federal o de cualquier estado de Estados Unidos de América, de otro pleito basado en o que incluya la misma reclamación. (Énfasis nuestro).

La precitada regla permite a un demandante desistir sin perjuicio, sin orden del tribunal, simplemente mediante la presentación de un aviso de desistimiento. *Tenorio v. Hospital Dr. Pila,* 159 DPR 777, 783 (2003); *Agosto v. Mun. de Río Grande,* 143 DPR 174, 180 (1997). Además, faculta "al demandante renunciar a su reclamo unilateralmente o por estipulación con las partes que han comparecido". *Pramco CV6, LLC v. Delgado Cruz y otros*, 184 DPR 453, 461 (2012).

En *García Aponte et al. v. ELA et al.,* 135 DPR 137, 145 (1994), el Máximo Foro discutió la consecuencia de presentar un aviso de desistimiento, en el contexto de reclamaciones limitadas por un término prescriptivo:

**la presentación ante el tribunal del aviso de desistimiento pone fin al pleito y constituye, por lo tanto, la fecha a partir de la cual comienza el transcurso del nuevo término prescriptivo. La expresión inequívoca de la voluntad de desistir es el elemento determinante de que cesó el efecto interruptivo de la acción judicial. Los eventos posteriores a tal manifestación de voluntad, como la fecha en que el tribunal dicta sentencia, la archiva y notifica o ésta adviene final y firme, nada tienen que ver con que surta efecto dicha expresión de voluntad y, por consiguiente, resultan impertinentes.** (Énfasis nuestro).

Según la norma imperante, el término prescriptivo transcurre nuevamente en la fecha del aviso de desistimiento. R. Hernández Colón*, Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis de Puerto Rico, 2017, sec. 918, pág.

112. En efecto, "[e]l término de una acción se interrumpe por la vía judicial mediante la presentación de una demanda que origina un proceso el cual concluye con el desistimiento voluntario y sin perjuicio de instar una nueva acción". *Íd,* pág. 111.

De acuerdo con el tratadista Cuevas Segarra, la parte demandante ostenta el derecho de presentar un aviso de desistimiento, aunque la parte demandada interponga una solicitud de desestimación:

> Bajo el palio de esta regla, el demandante se reserva su derecho absoluto a solicitar desistimiento, aunque el demandado presente una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, excepto en aquellos casos en que se expusieren materias no contenidas en la alegación impugnada , y éstas no fueren excluidas por el tribunal, en cuyo caso la solicitud de decreto desestimatorio se considerará como una sentencia sumaria sujeta los términos de la Regla 36 de Procedimiento Civil. J. A. Cuevas Segarra, *Tratado de derecho procesal civil, supra,* pág. 1140.

Por tanto, "el derecho del demandante de renunciar a su reclamo **es absoluto y nada le impide que pueda demandar nuevamente**". *Pramco CV6, LLC v. Delgado Cruz y otros, supra*, pág. 459. (Énfasis nuestro). No obstante, la reclamación judicial debe presentarse dentro del dentro del término prescriptivo. Asimismo, advertimos que cuando se ha desistido y se hace por segunda vez, la parte queda impedida de presentar la acción por tercera ocasión porque se produce el efecto de cosa juzgada. R. Hernández Colón*, Práctica Jurídica de Puerto Rico, Derecho Procesal Civil, supra,* pág. 414.

### D. Ross Valedón v. Hospital Dr. Susoni Health Community, 213 DPR __ (2024); 2024 TSPR 10, resuelto el 7 de febrero de 2024

Recientemente en *Ross Valedón v. Hospital Dr. Susoni Health Community, supra,* nuestro Tribunal Supremo estableció el curso de acción aplicable a los escenarios en donde la parte demandante no diligencia el emplazamiento dentro del término requerido. A la luz

de las particularidades de este caso,[20] el análisis se fundamentó en cuando comienza a cursar el término prescriptivo cuando un demandante no diligencia los emplazamientos dentro del término dispuesto en la Regla 4.3 de Procedimiento Civil, *supra,* R.4.3. Además, se limitó el empleo del desistimiento voluntario en el contexto de incumplimiento con la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3:

> **Dado que, cronológicamente, ocurrió primero el incumplimiento con la Regla 4.3(c) de Procedimiento Civil, supra, corresponde poner en vigor los efectos de esta y decretar la desestimación sin perjuicio, <u>en lugar de dar por desistido el asunto</u>. Lo contrario --esto es, permitir el desistimiento sin perjuicio--, podría dar paso a que en el supuesto de que se presente una segunda reclamación sobre los mismos hechos y se incumpla nuevamente con la regla precitada, tal desestimación no sea con perjuicio, ya que el pleito original no se desestimó, sino que se entendió desistido sin perjuicio. Rechazamos tal pretensión, pues, sería improcedente permitir que una parte que falló en diligenciar los emplazamientos pueda desistir del pleito y, con ello, se escude de los efectos de su incumplimiento. En su lugar, <u>reafirmamos que desistir de un pleito sin la autorización del tribunal no está disponible cuando tal petitorio se realiza luego de haber incumplido con la Regla 4.3(c) de Procedimiento Civil, supra</u>.** *Íd.* (Énfasis y subrayado nuestro).

En virtud del precitado análisis judicial, el nuestro Máximo Foro emitió el siguiente pronunciamiento:

> **[H]oy pautamos sin ambages que ante un primer incumplimiento con el término de 120 días para diligenciar los emplazamientos, los tribunales están obligados a dictar prontamente una sentencia decretando la <u>desestimación</u> y el archivo sin perjuicio de la reclamación judicial.** *Íd.* (Énfasis y subrayado nuestro).

---

[20] Resaltamos que en *Ross Valedón v. Hospital Dr. Susoni Health Community, supra,* el Tribunal de Primera Instancia **ordenó a la señora Ross Valedón a mostrar causa por la cual no debía desestimar el pleito**, toda vez que no diligenció el emplazamiento en el término requerido. Ante tal requerimiento, la parte demandante recurrió al mecanismo de desistimiento voluntario. Evaluada su solicitud, el foro primario emitió una *Sentencia* declarando *Ha Lugar* el desistimiento.
En la etapa apelativa, el Tribunal Supremo dispuso que el foro primario debió **desestimar** la causa de acción bajo el fundamento del incumplimiento de la Regla 4.3(c) de Procedimiento Civil, en lugar de acoger la solicitud de desistimiento voluntario.

Acorde con lo anterior, dispuso que el término prescriptivo de un (1) año empieza a transcurrir desde que el tribunal dicta sentencia y "esta adviene final y firme". *Íd.*

En aras de armonizar dicho precedente con la Regla 39.1(a)(1) de Procedimiento Civil, *supra*, nuestro Tribunal Supremo rememoró -en la nota al calce número diez (10)- la normativa concerniente al término prescriptivo y la presentación del aviso de desistimiento:

> Sobre los desistimientos, repasamos que el término comenzará a transcurrir dependiendo de si el desistimiento en cuestión requiere o no la autorización del tribunal. **De no requerirlo, como son los supuestos del desistimiento bajo la Regla 39.1(a) de Procedimiento Civil, *supra*, el término prescriptivo comienza a decursar desde la presentación del aviso de desistimiento. Empero, si el desistimiento requiere la intervención del tribunal, de conformidad con lo exigido por la Regla 39.1(b), supra, este comenzará a transcurrir desde el momento en el que el foro judicial notifique su determinación.** *Íd.* (Citas omitidas). (Énfasis y subrayado nuestro).

## III.

En su escrito apelativo, el señor Pérez Matías nos alega que erró el foro primario al determinar que la causa de acción de daños estaba prescrita. En los señalamientos de error A y B, el Apelante sostiene que el foro primario falló al no aplicarle el estándar establecido en la Regla 10.2 (5) de Procedimiento Civil, *supra*. Añade que, de conformidad con la teoría cognoscitiva del daño, procede que se tome como punto de partida para el cómputo del término prescriptivo de la reclamación el 17 de agosto de 2022, fecha en que el Hospital le entregó copia del expediente médico. Señala que el haber presentado una primera demanda para interrumpir el término no puede interpretarse como una renuncia al efecto paralizador que tiene el que un demandado oculte información.

En cuanto a los señalamientos de error C, D y E, argumenta el Apelante que no se podía desestimar la demanda utilizando prueba extrínseca a la que fue incluida en las alegaciones de la

demanda. Asimismo, indica que no procede la desestimación, cuando la demanda puede ser enmendada.

Luego de la presentación del recurso apelativo, el Apelante presentó un escrito solicitando que se aplique lo resuelto en el caso *Ross Valedón v. Hospital Dr. Susoni Health Community, supra.* En consecuencia, nos solicita que computemos el término prescriptivo para instar su reclamación de daños desde el 16 de agosto de 2022, fecha en que la *Sentencia* de la primera *Demanda* advino final y firme.

En el presente caso, nos corresponde determinar si la demanda de epígrafe esta prescrita. Tras una evaluación del expediente ante nuestra consideración y tomando como ciertos los hechos alegados en la demanda, determinamos que el foro *a quo* actuó correctamente al desestimar la segunda *Demanda.* Arribamos a este razonamiento tras determinar que la reclamación extracontractual se encuentra prescrita. Veamos.

Surge del expediente que, el 11 de abril de 2022, el Apelante instó su primera *Demanda* sobre daños y perjuicios (MZ2022CV00544) contra varios codemandados, entre ellos, **el Hospital, Integrated, el Dr. Vargas Noguez, MedPro y SIMED.** Posteriormente, el **11 agosto de 2022**, el demandante sometió un *Aviso de Desistimiento Voluntario al Amparo de la Regla 39.1(a)(1) de Procedimiento Civil* de su primera *Demanda.*

Según dispone la Regla 39.1 (a) (1) de Procedimiento Civil, *supra,* cualquier parte puede desistir de un pleito sin autorización del tribunal, cuando presenta un aviso de desistimiento "en cualquier fecha antes de la notificación por la parte adversa de la contestación [de la demanda]". El ordenamiento ha establecido que **la presentación de un avisto de desistimiento pone fin al pleito y constituye la fecha a partir de la cual comienza a transcurrir**

**el nuevo termino prescriptivo.** *García Aponte et al. v. ELA et al., supra.*

Por tanto, la presentación del Apelante del aviso de desistimiento en su primera reclamación de daños, constituyó una expresión inequívoca de la voluntad de desistir su reclamo. Desde ese momento cesó el efecto interruptor de la demanda. **Por consiguiente, el Apelante disponía de un término de un año, a partir de la fecha de la presentación del aviso de desistimiento, el 11 de agosto de 2022. Es decir, el Apelante tenía hasta el 11 de agosto de 2023 para presentar nuevamente su causa de acción sobre daños y perjuicios.** No obstante, radicó la presente causa de acción el 14 de agosto de 2023, en contravención al término prescriptivo establecido en el Artículo 1204 (a) del Código Civil (2020), *supra.*

Ante la imposibilidad de prevalecer en su contención, el Apelante alega que el término prescriptivo empezó a transcurrir el 17 de agosto de 2022, día en que presuntamente tuvo acceso a la información pertinente a su caso. Sin embargo, luego de revisar detenidamente el expediente, no identificamos fundamentos jurídicos para acoger dicho argumento. Surge que el 11 de abril de 2022 presentó su primera *Demanda* en la cual expuso una numerosa lista de demandados y una exposición fáctica detallada con abarcadoras alegaciones. Como establecimos anteriormente, desde la presentación de la primera demanda, el Apelante tenía conocimiento de la mayoría de los cocausantes de sus daños, a pesar de no tener consigo el expediente médico, pues incluyó como codemandados en su reclamación al Hospital, Integrated, el Dr. Vargas Noguez, MedPro y SIMED. Por tanto, el Apelante debía haber instado dentro del término prescriptivo de un año la reclamación contra dichas partes, que habían sido identificadas como actores de sus daños desde el 11 de abril de 2022, fecha de la presentación de

la primera demanda. Contrario a lo que nos alega el Apelante, nos resulta evidente que contaba con los elementos necesarios para instar su segunda *Demanda* dentro del término prescriptivo de un (1) año, esto es, a partir de la presentación del Aviso de Desistimiento.

Por lo anterior, enfatizamos que el Apelante no debió esperar a conocer la magnitud y extensión del daño para entablar la segunda reclamación. Véase, *Vera v. Dr. Bravo, supra,* pág. 330. Tampoco debió aguardar a que el tribunal notificara *Sentencia* para computar el término prescriptivo desde ese momento. Reiteramos que en el contexto de "la Regla 39.1(a) de Procedimiento Civil, *supra,* el término prescriptivo comienza a decursar desde la presentación del aviso de desistimiento". Véase, *Ross Valedón v. Hospital Dr. Susoni Health Community, supra, esc. 10.* Le correspondía ejercer la diligencia de una persona razonable y prudente a los fines radicar su demanda oportunamente, contra aquellos codemandados que válidamente identifico desde la radicación del primer pleito. No obstante, la inobservancia de la diligencia requerida le condujo a presentar su segunda *Demanda* fuera del término prescriptivo. Aun si tomáramos como ciertas las alegaciones de la demanda relacionadas a la mala fe del Hospital en entregar el expediente médico al Apelante y le confiriéramos una interpretación liberal, la presente demanda esta irremediablemente prescrita. Ello, pues desde la primera demanda el Apelante conocía sus daños y que, como mínimo, el Hospital, Integrated, el Dr. Vargas Noguez, MedPro y SIMED, eran los autores de estos. Por tanto, no advertimos oportunidad para aplicar las consideraciones liberales de la prescripción.

En tal escenario, tampoco vemos espacio para aplicar el precedente de *Ross Valedón v. Hospital Dr. Susoni Health Community, supra.* Recordemos, pues, que el desistimiento

solicitado en dicho caso ocurrió luego que el tribunal decretó una orden de mostrar causa por la cual no desestimar por incumplimiento con la Regla 4.3 (c) de Procedimiento Civil, *supra*. Sin embargo, en el caso ante nuestra consideración, el foro primario atendió el *Aviso de Desistimiento* como una declaración de voluntad mediante la cual el Apelante anunció su interés de abandonar la causa de acción.

En vista de lo anterior, resulta forzoso concluir que operan los efectos de la prescripción desde el momento en que presentó el aviso de desistimiento, a tenor a la Regla 39.1(a)(1) de Procedimiento Civil, *supra*. Por tanto, confirmamos el dictamen emitido por el foro primario que desestimó la reclamación, toda vez que es cónsono al marco legal en torno a la figura de prescripción. Así expuesto, resolvemos que la causa de acción de naturaleza extracontractual se encuentra prescrita.

**IV.**

Por los fundamentos esbozados, **confirmamos** las *Sentencias* apeladas.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones